# DICKIE LEE LAWRENCE, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

## 455 S.W.2d 650.

Court of Criminal Appeals of Tennessee. April 3, 1970.

Certiorari Denied by Supreme Court June 15, 1970.

Ronald D. Krelstein, Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, James Gordon Hall, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

GALBREATH, Judge.

This is an appeal from the dismissal of a petition for post-conviction relief without an evidentiary hearing by the Criminal Court of Shelby County. Plaintiff in error contends that the trial judge erred in not voiding his conviction for rape and the resulting life sentence because the record does not unequivocally show that petitioner's plea of guilty, was made voluntarily.

The voluntariness of the plea was exhaustively considered in an appeal from two former dismissals of petitions seeking post-conviction or habeas corpus relief after evidentiary hearings. The plea was found by the trial court and this Court to have been voluntary and the petitioner's insistence that he was coerced to plead guilty by the threats of the prosecuting attorney and the Public Defender, and the pleadings of his wife and mother based on the possibility of the death penalty if he went to trial on a plea of not guilty was found to be untenable. (See State ex rel. Lawrence v. Henderson, Tenn. Cr. App., 433

S.W.2d 96.) The question thus having been "previously determined," the trial court's action in dismissing the present petition seeking to have exactly the same issue again considered was entirely proper. (See T.C.A. §§ 40-3811, 40-3812.)

■ Counsel for petitioner urges on us the unique proposition that because of the "psychological coercion" imposed by the choice presented the petitioner, i. e., plead guilty or risk the death penalty, the resulting decision to plead guilty could not have been voluntary. We are cited United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138, the decision that struck down as constitutionally defective that portion of the Federal Kidnapping Act that presented a risk of execution if the defendant chose trial by jury but removed this potential if he waived his right to a jury trial since death as punishment could be imposed only "if the verdict of the jury so recommend[ed]." What counsel for the petitioner here overlooks is that if his contention were sound, i. e., if no plea of guilty entered by a defendant in a capital case could be held voluntary as a matter of law, then guilty pleas would no longer be available to any defendant. What would the attitude of such an advocate be if his client's efforts to plead guilty were brushed aside and he were forced to trial before a jury that imposed the death penalty? This point was dealt with in *Jackson* by Justice Stewart who, in rejecting the contention made here, went further and said:

"Quite apart from the cruel impact of such a requirement upon those defendants who would greatly prefer not to contest their guilt, it is clear—as even the Government recognizes—that the automatic rejection of

all guilty pleas 'would rob the criminal process of much of its flexibility.' As one federal court [United States v. Willis, D.C., 75 F. Supp. 628] has observed:

" 'The power of a court to accept a plea of guilty is traditional and fundamental. Its existence is necessary for the * * * practical * * * administration of the criminal law. Consequently, it should require an unambiguous expression on the part of the Congress to withhold this authority in specified cases.' "

██ ██ The right to plead not guilty has inherently and constitutionally within it the right to plead guilty. Access to either plea must be equally available in a criminal case to a defendant who should be guided in his choice by the best counsel, including his own, obtainable to him.

The judgment is affirmed.

HYDER and RUSSELL, JJ., concur.