Retona Jean FARMER and Billy Wayne Dyer, Appellants,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

June 15, 1978.

Certiorari Denied by Supreme Court as to Dyer Aug. 7, 1978.

Certiorari Denied by Supreme Court as to Farmer Aug. 28, 1978.

C. Randall Stone, Morristown, for Farmer.

Greg W. Eichelman, Morristown, for Dyer.

Brooks McLemore, Jr., Atty. Gen., Linda Ross Butts, Asst. Atty. Gen., Nashville, Charles E. Fraley, Jr., Asst. Dist. Atty. Gen., Morristown, for appellee.

## OPINION

TATUM, Judge.

The appellants, Retona Jean Farmer and Billy Wayne Dyer, were convicted of grand larceny and the punishment for each was fixed at not less than five nor more than ten years in the State Penitentiary. The convictions are affirmed.

The appellants filed separate briefs and both assigned error that the trial judge erred in not allowing them to plead guilty upon a plea-bargain agreement with the State under the terms of which each defendant was to be sentenced to three years in the State Penitentiary. After the jury had been selected and sworn, but outside of their presence, the appellants each tendered a guilty plea to grand larceny. The trial judge then meticulously and thoroughly instructed the appellant, Dyer, in the presence of Farmer, in accordance with *State v. Mackey*, 553 S.W.2d 337 (Tenn.1977). After completing the *Mackey* instructions, the following was said:

THE COURT: All right, Mr. Dyer, based upon your waiver of jury trial, your plea of guilty and submission of the case to the court and based upon the proof, the Court in Case No. 77–CR–143 finds you guilty òf Grand Larceny and sentences you to serve not less than (3) three nor more than (3) three years in the State Penitentiary and gives you credit for time served, taxes you with an additional $21.00 cost of the Criminal Injuries Compensation Fund and renders you infamous and you will be in the custody of the Sheriff at this time.

MR. DYER: Who can I ask some questions to?

THE COURT: You can ask me if you want to.

MR. DYER: I'd just like to give a statement. Just ask the lady who did everything. I didn't do nothing. I could get on the desk up there and tell you I didn't do nothing. *I'm not wanting to do no three (3) three* [sic] *years for nothing that I didn't do.*

THE COURT: You can have a jury trial.

MR. FRALEY: You let the Judge set there and read all that to you and you said, "yes, yes, yes."

MR. DYER: *The truth about it is I really don't understand what's going on.*

THE COURT: All right, lets let the jury try the case Mr. Eichelman. The Court will set aside, the guilty plea in this case.

MR. STONE: Your Honor, what about this Farmer case?

THE COURT: O. K. Are we going to have any similar problems, gentlemen? I'm not going to waste everybody's time.

MR. FRALEY: There's no use standing up here wasting everybody's time. The lady needs to testify and get on back.

THE COURT: Miss Farmer, have you got any reservations about pleading guilty?

A. No.

Q. Are you guilty?

MISS FARMER: Yeah.

THE COURT: Did you do what you're charged with doing and what you're pleading guilty to?

MISS FARMER: *Yeah, or I was there, put it that way.*

THE COURT: Well, I don't want to know if you were there or not cause we got a jury out here—.

MR. FRALEY: Let's just try it, Your Honor, please. I, *the agreement is off,* they're both going to be back on the writ and that's what they're trying to set us up for right now.

MR. STONE: Your Honor, she could explain what she meant by it.

MISS FARMER: *No, that's o. k. Just go ahead with the jury.*

THE COURT: If you want to plea [sic] guilty, I'll except [sic] a guilty plea but I cannot do it with reservation. You are either guilty of the offense or you're not guilty of the offense. What do you have to say?

MISS FARMER: *I'm guilty of being there. But I didn't take the gun, no and I did not take no knives. I don't even remember that.*

THE COURT: Well, it sounds like—. I don't want these defendants to plea [sic] guilty if they insist they're not guilty. Let's let the jury try the case. That;s [sic] one way to determine for sure. Let's go ahead and—o. k. let's—let's take that after we try the jury case. These jurors have been out here for an hour. We'll take it on the heels of this jury case. Mr. Bailiff, I'll again instruct you when you're to bring the jury in to handle this microphone. [Emphasis supplied.]

Both appellants contend that they have an absolute right to have a guilty plea accepted. They rely upon *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), which holds that there is no constitutional error in accepting a guilty plea containing a protestation of innocence when the defendant had intelligently concluded that his interest required making a plea of guilty.[1] But, *Alford* also holds that one must "voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence" when protesting innocence while pleading guilty.

■ Stricter standards have been adopted by the Tennessee Supreme Court than those required by the Federal Court. Before a Tennessee court can accept a guilty plea, the court must determine that it is voluntarily given by a defendant with understanding of the nature of the plea and its consequences. After the acceptance of a guilty plea, a court may not enter a judgment upon the plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.[2] *State v. Mackey, supra.*

■ We hold that the trial judge did not err in refusing to accept the guilty pleas of these defendants.[3] The guilty pleas were not valid. After pleading guilty, Dyer not only proclaimed his innocence, but protested the imposition of a prison sentence upon the guilty plea and stated that he did not understand the plea. Farmer protested her innocence and requested the trial judge to proceed when the jury trial. There was no showing of a "factual basis" for either guilty plea. The proffered guilty pleas did not meet the standards of either *Alford* or *Mackey*.

Finding no error, we affirm both judgments of the Criminal Court.

WALKER and DUNCAN, JJ., concur.

---

1. Footnote 11 in *Alford* says:

   Our holding does not mean that a trial judge must accept every constitutionally valid guilty plea merely because a defendant wishes so to plead. A criminal defendant does not have an absolute right under the constitution to have his guilty plea accepted by the court, although the States may by statute or otherwise confer such a right. Likewise, the States may bar their courts from accepting guilty pleas from any defendants who assert their innocence.

2. Federal Rule of Criminal Procedure 11 also requires a "factual basis" for a guilty plea.

3. The record does not require a determination of whether the trial judge must accept a guilty plea from one protesting innocence.