917 S.W.2d 700 (1995)
James A. GOOSBY, Appellee,
v.
STATE of Tennessee, Appellant.
Court of Criminal Appeals of Tennessee, at Jackson.
February 8, 1995.
Order on Denial of Rehearing April 25, 1995.
*702 Charles W. Burson, Attorney General & Reporter, Amy L. Tarkington, Assistant Attorney General, Nashville, John W. Pierotti, District Attorney General, James Powell, and John W. Campbell, Asst. District Attorney General, Memphis, for Appellant.
John Michael Bailey, Memphis, for Appellee.

OPINION
WHITE, Judge.
In 1984, appellee, James Goosby and Nobbie Carr, a co-defendant, were convicted of two counts of armed robbery and as habitual criminals. The jury sentenced both defendants to life imprisonment on each count. The convictions and sentences were affirmed on appeal. State v. James Arthur Goosby and Nobbie Carr, No. 19 (Tenn. Crim. App., Jackson, Feb. 27, 1985).
Appellant filed a timely pro se petition for post-conviction relief. Appointed counsel amended the petition to allege ineffective assistance of counsel. After an evidentiary hearing, the trial court set aside appellant's 1984 convictions based on ineffective assistance of counsel. On appeal by the state, this court remanded the case to the trial court to require findings on the other issues raised in the amended petitions. James Goosby v. State, No. 02C01-9108-CR-00183, 1992 WL 328794 (Tenn. Crim. App., Jackson, Nov. 12, 1992). On remand, the trial judge concluded that while appellant had knowingly, understandingly, and voluntarily entered guilty pleas, the 1984 convictions should nonetheless be set aside as appellant's trial and appellate counsel had failed to pursue legal issues related to appellant's attempt to plead guilty. On appeal, the state again challenges the trial court's finding that the appellant received ineffective assistance of counsel. We affirm the trial court.
On January 3, 1982, two gunmen forced their way into an apartment and took $780 in cash and other valuable items from A.D. Smith and his guests. Smith immediately recognized appellant as one of the gunmen. Later, in a photograph array, he identified co-defendant, Nobbie Carr, as the second gunman. Two of the other victims likewise identified Goosby and Carr as the robbers. Goosby and Carr were indicted on two counts of armed robbery and as habitual offenders.[1]
Trial was set for January 17, 1983. On that day, the prosecution notified the court *703 and defense counsel of a newly discovered tape recording of an incriminating telephone conversation between appellant and another party. The next day, after defense counsel had the opportunity to listen to the tape, appellant accepted a plea bargain in which the habitual criminal charge would be dismissed and the state would recommend concurrent sentences of twenty years on each robbery count. Carr also accepted the offer although he was apparently reluctant to do so.
The trial judge conducted a guilty plea submission hearing.[2] The prosecution announced the terms of the plea bargain agreement. Counsel for both defendants stipulated to the facts presented by the state. The trial judge noted that both appellants' sentences would be imposed consecutively to time remaining on prior convictions for which they were on parole. Appellant was sworn and questioned thoroughly by the judge as to the voluntariness of the plea and the waiver of his constitutional rights. Appellant responded appropriately to each question.
Co-defendant Nobbie Carr was then sworn and questioned. He indicated that his plea was based solely on his attorney's opinion that he did not have a chance at trial and that he would be found to be a habitual criminal. Carr insisted that his plea was not voluntary. He denied that he had taken part in the robbery and requested a new attorney and a trial. The trial judge refused to accept Carr's guilty plea and sent for the jury.
Goosby immediately addressed the court:
MR. GOOSBY: Your Honor, I want mine. I'd like to have my twenty years.
THE COURT: I have no control over that, Mr. Goosby.
MR. GOOSBY: Didn't Your Honor just accept mine?
THE COURT: I cannot.
MR. GOOSBY: I'm satisfied with my plea.
MR. DICE (Goosby's counsel): If Your Honor please  have a seat, Mr. Goosby, please. Your Honor, please, it's my position, respectfully, if Your Honor please, that what I hear from the stand from Mr. Carr comes as a surprise to me, and if the Court please, it's my position that my defendant has just entered a plea in this Court which has been accepted 
THE COURT: No, sir, it has not been accepted. This Court has not accepted it.
MR. DICE: Well, I am going to ask Your Honor, if Your Honor please, to accept that plea of [sic] the part of my client, Mr. Goosby.
THE COURT: These cases have been consolidated for trial. I have no authority under the law to order a severance in this case.
Counsel argued that appellant had entered a plea and that "it should be shocking to the conscience of this Court at this time not to accept that plea." The state then responded:
MR. STROTHER: Your Honor, we oppose any severance of the case, which is, in fact, what it would mean. If Mr. Goosby wants to enter a plea of guilty in front of the jury, he certainly has a perfect right to do that. We haven't come to that point yet. There's nothing to prevent him from doing that. But the state is not going to agree to  as a matter of fact, we would strenuously oppose any severance in this case.
Later, during jury voir dire and in front of the venire, appellant stood up in open court and made the following statement to Judge McCartie:
MR. GOOSBY: Your Honor, I (indiscernible) pleaded guilty to yesterday to the 20 years. I don't want to go to trial.
THE COURT: Now, sit down there. Have a seat there.
MR. GOOSBY: I don't want to go to trial.
THE COURT: Have a seat. Have a seat.
MR. GOOSBY: I pleaded guilty already. (Pause) You're the one that want to go to trial.
THE COURT: Have a seat.
The court excused the jury. Counsel for both defendants moved for mistrial and asked to withdraw as counsel. The trial court denied counsels' requests to withdraw but granted Carr's motion for mistrial.
*704 The case went to trial again on February 4, 1984, and both defendants were convicted on both robbery counts and as habitual criminals as well. Each received consecutive life sentences.
Appellant's post-conviction petition challenged the effectiveness of counsel. The court granted the petition finding that trial and appellate counsel failed to pursue legal remedies regarding the attempted guilty plea.
A trial court's findings of fact carry the weight of a jury verdict. Bratton v. State, 477 S.W.2d 754, 756 (Tenn. Crim. App. 1971). On appeal, those findings are conclusive unless the evidence preponderates against the judgment. Butler v. State, 789 S.W.2d 898, 900 (Tenn. 1990).
In this instance, the trial judge held that, while trial counsel had done an excellent job representing appellant at trial, the failure to pursue and develop the issues raised by the attempted guilty plea greatly violated the standard of conduct set forth in Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975)[3] and prejudiced appellant.[4]
Although our reasoning differs somewhat from the trial judge's, we agree that the failure to re-address this issue prior to the trial and the failure to raise the issue on direct appeal constitutes ineffective assistance of counsel under the two-prong test of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), as well as under the standards of Baxter v. Rose.
The Sixth Amendment to the United States Constitution and Article 1, § 9 of the Tennessee Constitution both require that a defendant in a criminal case receive effective assistance of counsel. Baxter v. Rose, 523 S.W.2d at 933. When a defendant claims ineffective assistance of counsel, the standard applied by the courts of Tennessee is "whether the advice given or the service rendered by the attorney is within the range of competence demanded of attorneys in criminal cases." Summerlin v. State, 607 S.W.2d 495, 496 (Tenn. Crim. App. 1980).
In Strickland v. Washington, the United States Supreme Court defined the Sixth Amendment right to effective assistance of counsel. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, appellant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. Counsel's errors must be so serious that counsel was not functioning as "counsel" guaranteed by the Constitution. 466 U.S. at 687, 104 S.Ct. at 2064. Second, petitioner must show that counsel's performance prejudiced petitioner in that the errors were so serious as to deprive petitioner of a fair trial and to call into question the reliability of the outcome. Id.
A reviewing court must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance. The evaluation of counsel's performance must be from counsel's perspective at the time of the alleged errors and must be in light of the totality of the evidence. Id. at 695, 104 S.Ct. at 2068-69. Petitioner must demonstrate that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. Id.
The post-conviction judge found that the right to proceed with a guilty plea and the question of severance were viable issues critical to the outcome in Goosby's case. His order refers to a substantial body of law which could have supported Goosby's position. State v. Coker, 746 S.W.2d 167 (Tenn. 1987) (co-defendant has right to plead guilty); State v. Coleman, 619 S.W.2d 112 (Tenn. 1981) (co-defendant's guilty plea did not prejudice appellant); State v. Armes, 673 S.W.2d 174 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1984) (co-defendant's guilty plea in front of jury is prejudicial); Dorsey v. State, 568 S.W.2d 639 (Tenn. Crim. App.), cert. denied, (Tenn. 1978) (best practice is to grant severance when co-defendant pleads guilty); *705 Arrington v. State, 548 S.W.2d 319 (Tenn. Crim. App. 1976), cert. denied, (Tenn. 1977) (denial of motion to sever upheld where defendant fails to demonstrate prejudice); Hoskins v. State, 489 S.W.2d 544 (Tenn. Crim. App. 1972), cert. denied, (Tenn. 1973) (motion to sever within sound discretion of trial court); State v. Caruthers, No. 85-156-III, 1986 WL 3994 (Tenn. Crim. App., Knoxville, April 3, 1986) (where one defendant pleads guilty, state may insist on joint trial unless rights of defendants are unfairly prejudiced).[5] The trial court concluded that there was a reasonable probability that the outcome of the proceedings would have been different had counsel pursued the issue.
We agree with the state that the ultimate decision to accept or reject a guilty plea rests within the discretion of the trial court. See Farmer v. State, 570 S.W.2d 359 (Tenn. Crim. App.), cert.denied, (Tenn. 1978).[6] The crux of this matter is whether the trial court abused its discretion in not accepting appellant's guilty plea and in denying a severance. If there was no abuse of discretion, defense counsel's failure to pursue the issues at trial and on appeal could not have prejudiced appellant and the second prong of Strickland would not be satisfied.
Because a trial court is afforded discretion in the acceptance of a plea, the judgment cannot be set aside unless there has been a plain abuse of authority. State v. Williams, 851 S.W.2d 828, 830 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1992) (citing State v. Fowler, 213 Tenn. 239, 373 S.W.2d 460, 466 (1963)). To find that a trial court has abused its authority, it must appear that no substantial evidence supports the conclusion of the trial judge. Id. at 830-831 (citing State v. Ford, 643 S.W.2d 913, 916 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1982)).
A trial court's discretion to accept or reject a guilty plea is not unrestricted. In Lawrence v. State, 2 Tenn. Crim. App. 638, 455 S.W.2d 650 cert. denied, (Tenn. 1970), we held that "[t]he right to plead not guilty has inherently and constitutionally within it the right to plead guilty. Access to either plea must be equally available in a criminal case to a defendant who should be guided in his choice by the best counsel, including his own, obtainable to him." 455 S.W.2d at 651. See also State v. Coker, 746 S.W.2d 167, 173 (Tenn. 1987). The plea must meet certain constitutional requirements. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Mackey, 553 S.W.2d 337, 341 (Tenn. 1977).
In Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), the United States Supreme Court discussed the acceptance and rejection of guilty pleas and plea agreements. In discussing the Federal Rule of Criminal Procedure outlining the procedure for accepting a guilty plea, Rule 11, the Court remarked that "[t]here is, of course, no absolute right to have a guilty plea accepted." 404 U.S. at 262, 92 S.Ct. at 498. As authority for this statement the Court relied upon an earlier case, Lynch v. Overholser, 369 U.S. 705, 82 S.Ct. 1063, 8 L.Ed.2d 211 (1962). In Overholser, the Court reversed the trial court's refusal to accept a guilty plea. Justice Harlan wrote for the majority:[7]
This does not mean, of course, that a criminal defendant has an absolute right to have his guilty plea accepted by the court. As provided in Rule 11, Fed Rules Crim Proc, 18 U.S.C.A., and Rule 9, DC Munic Ct Crim Rules, the trial judge may refuse *706 to accept such a plea and enter a plea of not guilty on behalf of the accused.

369 U.S. at 719, 82 S.Ct. at 1072 (emphasis added). Santobello and Overholser make it clear that a trial court has the discretion to reject a guilty plea that does not comply with Rule 11.[8] In other words, a court has the discretion to determine whether the plea is voluntary and whether the defendant is knowingly and understandingly waiving his constitutional rights. Tenn.R.Crim.P. 11(c), (d).
Rule 11 also states the requirements for the entry of plea agreements. A trial judge may accept or reject a plea agreement in accordance with the provisions of Rule 11(e). Three types of plea agreements are recognized by the rule. A plea agreement under Rule 11(e)(1)(A) anticipates a plea to certain charges in exchange for dismissal of other charges. An agreement under Rule 11(e)(1)(B) anticipates a recommended disposition by the state (or an agreement not to oppose a recommended disposition), but the recommendation does not bind the court. Under Rule 11(e)(1)(C), known as a "binding plea," the parties agree to a "specific sentence [as] the appropriate disposition of the case." Tenn.R.Crim.P. 11(e)(1)(C).
A court retains discretion to accept or reject an (e)(1)(A) or (e)(1)(C) plea. In an (e)(1)(B) plea, the court is required to advise the defendant that the court is not bound by the prosecution's recommendation. If the court rejects the terms of an (e)(1)(B) agreement, the trial judge must advise the defendant personally in open court that since the court is not bound by the agreement, defendant's persistence in the plea may result in a disposition less favorable than that contemplated by the agreement. Tenn.R.Crim.P. 11(e)(2). Once an (e)(1)(B) guilty plea is accepted by the court, the defendant may not withdraw the plea. Tenn.R.Crim.P. 11(e)(2). If, however, the court rejects the terms of a "binding plea" pursuant to (e)(1)(A) or (C), then the defendant may withdraw the guilty plea since the plea is conditioned upon a specific result. Tenn.R.Crim.P. 11(e)(2).
We cannot determine from the record before us whether the plea agreement in this instance was a binding or non-binding plea. It is clear, however, that the trial judge found no reason to question the voluntariness of defendant's plea. The trial judge examined appellant carefully according to the dictates of Boykin and Mackey and was satisfied with the responses received.[9] The trial judge did not express dissatisfaction with the terms of the plea agreement. He did not question the appropriateness of the sentence or reject the terms. His only expressed concern, accepted by Goosby, was to make certain that defendants knew that the sentence imposed would be consecutive to their earlier sentences.
The state, in its brief, alleges that the plea agreement offered by the prosecution was contingent upon acceptance by both defendants.[10] Nothing in the record supports this *707 contention. The prosecutors never stated or even implied that the offer would be withdrawn if either defendant failed to plead guilty. In fact, prior to the submission hearing, defense counsel told the court that "as far as Mr. Carr is concerned, we will need the services of a jury." Moreover, the state never relied on this position at trial, in their answer to the petition or amended petition, or in court at either evidentiary hearing.[11]
The trial judge refused to accept appellant's plea only because "[the] cases [were] consolidated for trial" and because he thought he had "no authority under the law to order a severance." This was a misstatement of the law. A motion for severance is addressed to the sound discretion of the trial judge. State v. Coleman, 619 S.W.2d 112, 116 (Tenn. 1981); Dorsey v. State, 568 S.W.2d 639, 641 (Tenn. Crim. App.), cert. denied, (Tenn. 1978); Woodruff v. State, 164 Tenn. 530, 51 S.W.2d 843, 845 (Tenn. 1932). Both Coleman and Dorsey involve severances requested by defendants whose co-defendants plead guilty. In Dorsey, this court stated that in cases joined for trial, when one defendant pleads guilty the better practice is to grant a severance upon request of either the defense or the prosecution. 568 S.W.2d at 643 n. 4.
The trial court could reject appellant's guilty plea if he found it to be involuntary or unknowing under Rule 11(c) and (d). He could reject the plea bargain under the conditions found in Rule 11(e)(2) and (4). The record contains no such legal basis for the rejection of defendant's plea under Rule 11. It was an abuse of discretion to reject appellant's otherwise acceptable plea because his case was consolidated with that of a co-defendant. Ample authority existed for the trial judge to sever appellant's case from that of Nobbie Carr.[12]
The evidence in the record does not preponderate against Judge Dailey's finding that appellant's trial and appellate counsel were ineffective under the two-pronged standard of Strickland. The trial judge's abuse of discretion is evident. The failure to pursue the issue in a formal motion supported with legal argument at trial or on appeal was outside "the range of competence demanded of attorneys in criminal cases," Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Had the issue been properly raised and argued there "is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 695, 104 S.Ct. at 2068-69. Accordingly, we affirm the judgment of the trial court granting appellant's petition for post-conviction relief.
We must now determine an appropriate remedy. When an accused is not accorded effective assistance of counsel, a conviction cannot stand. Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994) (citations to other cases omitted). Remedies for the denial of the right to counsel should be tailored to the injury suffered. Id. at 666. Specific performance of a plea agreement is a constitutionally permissible remedy. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); Turner v. State, 858 F.2d 1201, 1208 (6th Cir.1988).
In Harris v. State, an accused declined to accept a plea bargain on the advice of his attorney. The Supreme Court affirmed the reversal of his conviction when it found Harris had received ineffective assistance of counsel during the pretrial stage. 875 S.W.2d at 667. The case was remanded to the trial court for a new hearing in which the state was directed to reinstate its original guilty plea offer and to negotiate in good faith. Id.
The remedy fashioned by the Harris court is appropriate in this case. Therefore, we remand this case to the trial court. The state is directed to reinstate its original offer to dismiss the habitual criminal count and to recommend that the defendant receive concurrent sentences of twenty years on each *708 count of armed robbery. The state will negotiate with appellant in good faith. If appellant accepts the offer, the trial court may in its discretion accept or reject this or any other plea agreement reached by the parties according to the provisions of Rule 11 of the Tennessee Rules of Criminal Procedure. If no plea is tendered or accepted, the case will be retried.
TIPTON and WELLES, JJ., concur.

ORDER
The state has filed a petition to rehear in this case, contending that we overlooked material facts in the record and misapprehended a proposition of law in the opinion we filed. See T.R.A.P. 39(a)(3). In the opinion, we affirmed the trial court's order granting post-conviction relief to the petitioner and vacating the two armed robbery convictions he received in 1984. We concluded that the trial court correctly found that the petitioner received the ineffective assistance of counsel because counsel failed to pursue legal issues relating to the convicting court's refusal to accept the petitioner's previous guilty plea offered by the petitioner in an attempt to accept the state's offer of twenty years.
Underlying our decision is our determination that the denial to accept the plea and the related denial of a severance from the codefendant's trial upon a plea of not guilty were abuses of discretion, given the circumstances of the case presented in the record on appeal. Disagreeing with our view of the record, the state contends that we "overlooked portions of the record clearly indicating that the State's offer was contingent upon acceptance of the offer by both defendants," a contingency that, if true, could justify a denial of a severance and thwart an attempt by only one accused to get the benefit of the offer. We have reviewed the parts of the record relied upon by the state and conclude that they are far from clear indications that the petitioner's offer was a contingent one. The trial court did not find that such a contingency existed and neither shall we.
The state complains that we "gave too narrow a construction to a trial court's discretion in the guilty plea context," stating that we held that the authority to reject a guilty plea was limited to one which did not comply with Rule 11, Tenn.R.Crim.P. We held no such thing and it is unnecessary for us to address any further in this case what limits exist, or should exist, to a trial court's authority to reject a guilty plea.
In consideration of the foregoing and the record as a whole, the state's petition to rehear is DENIED.
NOTES
[1] The record in this appeal does not contain the indictments. In presenting the plea agreement to the court, the prosecution referred to two indictments, # 85140 as to Nobbie Carr, and # 85141 as to James Arthur Goosby. The record indicates that the cases were consolidated just prior to trial.
[2] Judge Joseph B. McCartie conducted the submission hearing and the trial held in February of 1984. Judge Joseph Dailey was the trial judge at appellant's post-conviction evidentiary hearing.
[3] The record on appeal contains nothing to indicate that counsel filed a formal motion to sever defendant's case. Counsel did move orally for a severance during the submission hearing but the court insisted it could not consider the matter. The issue was not raised on direct appeal.
[4] Goosby had new counsel on appeal.
[5] We note that several of the cases cited by the trial court were decided after appellant's trial in February of 1984. We include these cases here to illustrate the continuity of the law in Tennessee under which a defendant has been permitted to plead guilty even in light of a co-defendant's insistence upon going to trial. We also note that, without exception, in each of the cases cited, the defendant was complaining that the trial court's acceptance of a co-defendant's plea of guilty had prejudiced him. None of these involve a defendant who is contesting a trial court's rejection of a guilty plea.
[6] Recent cases supporting the proposition that the acceptance or rejection of a guilty plea is within the discretion of the trial court are Harris v. State, 875 S.W.2d 662 (Tenn. 1994); State v. Akins, 867 S.W.2d 350 (Tenn. Crim. App. 1993); State v. Hodges, 815 S.W.2d 151 (Tenn. 1991).
[7] Only Justice Clark dissented. Justices White and Frankfurter took no part in the decision.
[8] The entire paragraph containing the oft-quoted sentence from Santobello is as follows:

However, all of these considerations presuppose fairness in securing agreement between an accused and a prosecutor. It is now clear, for example, that the accused pleading guilty must be counseled, absent a waiver. Fed Rule Crim Proc 11, governing pleas in federal courts, now makes clear that the sentencing judge must develop, on the record, the factual basis for the plea, as, for example, by having the accused describe the conduct that gave rise to the charge. The plea must, of course, be voluntary and knowing and if it was induced by promises, the essence of those promises must in some way be made known. There is, of course, no absolute right to have a guilty plea accepted. A court may reject a plea in exercise of sound judicial discretion.
404 U.S. at 261-262, 92 S.Ct. at 498 (citations omitted).
[9] The state relies on Farmer v. State, 570 S.W.2d 359 (Tenn. Crim. App.), cert. denied, (Tenn. 1978), for the proposition that the trial court properly rejected appellant's guilty plea. We are unable to reach the same conclusion. In Farmer, both defendants expressed an unwillingness to plead guilty. The trial court rejected both pleas on the grounds that neither was voluntarily offered. 570 S.W.2d at 360-61. In this case, the trial court found only that Nobbie Carr's plea was not voluntary. The record could not be more clear that James Goosby's plea was knowing, understanding, and voluntary. The court did not find otherwise.
[10] In a recent case, this court upheld the denial of a severance under similar circumstances. Kenneth Parham v. State, 885 S.W.2d 375 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1994).
[11] Neither of the prosecutors at the submission hearing testified at the post-conviction hearing as to the terms of the original offer.
[12] Rule 14(c)(2) states:

(2) The court, on motion of the State or on motion of the defendant ... shall grant a severance of defendants if:
(i) before trial, it is deemed necessary to protect a defendant's right to a speedy trial or it is deemed appropriate to promote a fair determination of the guilty or innocence of one or more defendants... .