# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
April 24, 2001 Session

## STATE OF TENNESSEE v. STEPHEN MICHAEL WARE

**Direct Appeal from the Circuit Court for Washington County**
**Nos. 25546, 26107     Lynn W. Brown, Judge**

**No. E2000-01952-CCA-R3-CD**
**August 7, 2001**

The defendant, Stephen Michael Ware,[1] pled guilty to driving under the influence (third offense), driving on a revoked license (second offense), felony evading arrest, resisting arrest and felony failure to appear.  The plea agreement provided for consecutive sentences of one year each for felony evading arrest and felony failure to appear.  All other sentences were to be served concurrently, for an effective sentence of two years.  The trial court imposed terms on each offense as follows: driving under the influence – 11 months and 29 days with all but 150 days suspended; driving on a revoked license – 11 months and 29 days with all but 60 days suspended; felony evading arrest – one year; resisting arrest – six months with all but five days suspended; and felony failure to appear – one year. The trial court ordered a sentence of split confinement, consisting of 270 days in jail, two years of house arrest, on one felony and a consecutive sentence of two years' house arrest for the second felony.   In this appeal of right, the defendant argues that the trial court imposed sentences in contravention of the plea agreement and contends that the jail sentence of 270 days, day-for-day, is excessive.  The felony evading arrest sentence is vacated and the cause is remanded to the trial court for resentencing in conformance with the plea agreement.

### Tenn. R. App. P. 3; Judgment of the Trial Court Vacated and Remanded.

GARY R. WADE, P.J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Julie A. Rice, Knoxville, Tennessee (on appeal), and Jeff Kelly, Assistant Public Defender, Johnson City, Tennessee (at trial), for the appellant, Stephen Michael Ware.

Paul G. Summers, Attorney General & Reporter; Patricia C. Kussmann, Assistant Attorney General; and Victor Vaughn, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1]The defendant is also referred to as Stephen A. Ware in the record.

**OPINION**

The record contains little about the nature of the offenses. It appears that on July 28, 1999, a police officer saw the defendant on Broadway Street in Johnson City "weaving [his automobile] between the lines." When the officer determined that the registration displayed on the vehicle was for a different automobile, he activated his blue lights. The defendant failed to stop and made a number of turns onto various streets, traveling approximately three-fourths of a mile before entering his driveway. During the pursuit, the officer saw a beer bottle thrown from the driver's side window. When the defendant finally stopped, he refused to step out of his vehicle. After a brief struggle, he was placed under arrest. On November 16, 1999, the defendant failed to appear on the scheduled court date. At the guilty plea hearing, the defendant explained that he arrived late and appeared in the wrong courtroom. After he learned that a capias had issued for his arrest, he missed a court hearing scheduled three days later. When asked why he did not appear on the capias, the defendant explained, "I was scared if I came to court . . . you were going to put me in jail." He testified that on the date scheduled for his appearance on the capias, he was in Cincinnati visiting his mother. When he returned, he "turned [himself] in" to police. Almost immediately after his release, however, the defendant was arrested for and convicted of public intoxication.

The defendant claimed that he had leg and back problems for which he received prescribed medication. He admitted that he was under the influence of his medication at the time of his arrest, but claimed that he had completed detoxification and rehabilitation programs at the Veterans Administration Hospital during the six months prior to the sentencing hearing. The defendant completed his high school education in Cincinnati and received two years of college credits at a business college. He also revealed that he suffered from anxiety and depression, for which he received additional medication. The defendant acknowledged that he had a history of alcohol abuse but contended that he had been sober for some six months prior to the imposition of sentence.

At the time of his arrest, the defendant was married and employed at R&R Construction in Johnson City. He supplemented his income by buying and selling antiques. According to the presentence report, both his residence and property had been repossessed. While he was convicted of driving under the influence, third offense, he actually had four prior convictions for driving under the influence in his record.

The trial court determined that the defendant's prior criminal history, which included a 1996 theft conviction, and numerous offenses for driving while intoxicated and on a revoked license, precluded the grant of probation. The court also noted that the defendant had a previous history of unwillingness to comply with the conditions of a sentence involving release in the community and assessed the defendant's potential for rehabilitation as "highly questionable." The trial court concluded that alternative sentencing was appropriate, but only in conjunction with "a substantial amount of time in jail." It imposed the 270-day jail sentence and consecutive terms of two years' house arrest on each felony after observing that measures less restrictive had been unsuccessfully applied. The conditions of house arrest included the availability of a telephone for monitoring, a curfew, continued employment, and abstention from the use of alcohol or illegal drugs. The trial

court further ordered 30 days of community service and any counseling or treatment programs warranted under the circumstances. The trial court also warned that violation of the terms could result in a sentence increase of four years.

Initially, the defendant asserts that the trial court erred by imposing a sentence in excess of that negotiated in the plea agreement without affording any opportunity to withdraw the pleas. The defendant cites Rule 11(e)(4) of the Tennessee Rules of Criminal Procedure in support of his claim:

(4) Rejection of a Plea Agreement – If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw the plea, and advise the defendant that if he or she persists in the guilty plea or plea of nolo contendere the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

The defendant concedes that the plea agreement contemplated that the trial court would determine how each of the two one-year felony sentences were to be served. He argues, however, that the trial court had to either accept or reject the one-year sentences. See Tenn. R. Crim. P. 11(e)(1)(c).

The defendant also argues that the trial court erred by requiring 270 days in a local jail on a day-for-day basis. He contends that the trial court exceeded its authority by imposing a day-for-day jail term, thereby restricting his ability to earn sentence credits in the local jail. The defendant cites an opinion of the Tennessee Attorney General, No. 00-051 (March 20, 2000), which provides that "judgment orders cannot require that an inmate sentenced to the county jail or workhouse for any period of time of less than one year serve his sentence day for day." The state does not disagree. It suggests that the cause be remanded for a determination by the trial court as to the nature of the plea agreement.

Rule 11(e)(1) of the Tennessee Rules of Criminal Procedure contemplates three kinds of plea agreements in which the district attorney general may

(A)     move for dismissal of other charges; or
(B)     make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or
(C)     agree that a specific sentence is the appropriate disposition of the case.

In Goosby v. State, 917 S.W.2d 700 (Tenn. Crim. App. 1995), this court determined that an 11(e)(1)(B) plea allows a court to reject the terms of a plea agreement on the condition that the court advise the defendant in open court that should he or she persist in the guilty plea, the sentence imposed might be less favorable than that contemplated by the parties. Id. at 706. Once an 11(e)(1)(B) guilty plea is accepted by the court, it may not be withdrawn. Id. On the other hand, rejection of an 11(e)(1)(A) or (C) plea would allow the defendant to withdraw the guilty plea since

it was conditioned upon a specific result. Id. In this case, the state maintains that the record is unclear whether the assistant district attorney general merely recommended proposed sentences or, in fact, gave absolute consent.

In the alternative, the state submits that the plea, if entered under 11(e)(1)(C), required the trial court to either accept the plea under the terms announced, including the agreed sentence, or reject the plea and "afford the defendant the opportunity to then withdraw the plea." See Tenn. R. Crim. P. 11(e)(3), (4). The state concedes that the trial court may have rejected the agreement when it imposed a sentence of 270 days incarceration, followed by four years of house arrest, at the probation hearing without affording the defendant an opportunity to withdraw his plea as required by 11(e)(4). Even if the plea qualified as non-binding under 11(e)(1)(B), the state concedes that prior to the acceptance of the plea, the trial court should have advised the defendant that he had no right to withdraw the guilty plea if not approved. According to the state, the trial court would only have had the authority to impose a sentence of split confinement of up to one year in the local jail, followed by probation of up to two years, the maximum for a Range I, Class E felony. See Tenn. Code Ann. §§ 40-35-112(a)(5), -306(a).

The state also acknowledges that the trial court should not have imposed a 270-day jail sentence on a day-for-day basis for the felony offense of evading arrest. Tennessee Code Annotated § 40-35-501(a)(3) provides, in pertinent part, that "inmates with felony sentences of two (2) years or less shall have the remainder of their original sentence suspended upon reaching their release eligibility date." In State v. John W. Hill, No. 01C01-9802-CC-00072 (Tenn. Crim. App., at Nashville, Feb. 25, 1999), this court held that defendants sentenced to two years or less are entitled to release from confinement at their eligibility date in the absence of disciplinary problems. In Hill, this court remanded for a sentence to be imposed by the trial court in compliance with the opinion.

In this instance, defense counsel made an announcement at the beginning of the guilty plea and probation hearing in the presence of the assistant district attorney general: "We have an agreement, Your Honor." Apparently, the agreement was made in writing and presented to the trial court. The trial court read the agreement and then stated its intention to read the presentence report and hold a hearing. The assistant district attorney general agreed, after which the trial court announced, "The plea appears to be appropriate, and will be accepted." In our view, the record demonstrates that the state and the defendant consented to a specific sentence which was approved by the trial court. See Tenn. R. Crim. P. 11(e)(1)(C). That the trial court did not indicate any disapproval and did not afford the defendant an opportunity to withdraw the plea added credence to the binding nature of the agreement.

With regard to method of service, it is our view that the trial court appropriately denied immediate probation. Had the 270-day sentence been imposed for driving under the influence, it would have been supported by the record. In fact, the trial court could have ordered the defendant to serve 11 months and 29 days, day-for-day, undiminished by any sentence credit. See Tenn. Code Ann. § 40-35-302(d); State v. Palmer, 902 S.W.2d 391, 393-94 (Tenn. 1995). For Range I standard offenders, however, the release eligibility date occurs after service of 30% of the actual sentence

imposed, less any sentencing credits earned and retained. Tenn. Code Ann. § 40-35-501(c). Accordingly, pursuant to Tenn. Code Ann. § 40-35-501(a)(3), the trial court lacked authority to impose a 270-day day-for-day sentence on either of the felony convictions. A trial court may impose a period of up to one year in the local jail as part of a sentence involving split confinement, but only when the period of confinement would be completed before the release eligibility date.

The felony evading arrest sentence is hereby vacated and the cause is remanded for the imposition of a sentence in accordance with the terms of the plea agreement.

_____
GARY R. WADE, PRESIDING JUDGE