# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs September 11, 2001

## LUCIOUS ALLEN v. STATE OF TENNESSEE

### Appeal as of Right from the Criminal Court for Shelby County
### No. P-23907     Bernie Weinman, Judge

### No. W2000-02320-CCA-OT-PC - Filed November 2, 2001

The petitioner, Lucious Allen,[1] pled guilty in the Shelby County Criminal Court to four felony offenses and was sentenced to a total effective sentence of eight years with the sentence running concurrently to a previously imposed federal sentence.  Subsequently, the petitioner filed for post-conviction relief, alleging involuntary guilty pleas and that the trial court was without jurisdiction to impose concurrent sentencing.  On appeal, the petitioner disputes the summary dismissal of his petition for post-conviction relief without the appointment of counsel and without an evidentiary hearing.  Upon review of the record and the parties' briefs, we reverse the judgment of the post-conviction court and remand this case to the post-conviction court for appointment of counsel and further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed and Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Lucious Allen, Whiteville, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; William L. Gibbons, District Attorney General; John W. Campbell and Daniel S. Byer, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

On September 3, 1999, the petitioner entered guilty pleas in the Shelby County Criminal Court to one count of unlawful possession of a controlled substance with the intent to sell, two counts of aggravated assault, and one count of kidnapping.  Pursuant to a plea agreement, he

---

[1] In various portions of the record, the petitioner's name is also spelled "Lucius Allen."

received an effective eight year sentence to be served concurrently with a sentence he received in federal court in August 1999. Both the plea agreement and the judgments specifically include the provision for concurrent service of the state and federal sentences and provide that the "actual place of confinement [shall be] the federal prison." The judgments further provide that the petitioner "is remanded into the custody of the United States Marshall."

The petitioner timely filed a pro se claim for post-conviction relief, alleging that his guilty pleas were not knowing and voluntary and that the trial court was without jurisdiction to impose concurrent sentencing. In support of his claim, the petitioner asserted that, since entry of the judgments of conviction, he has been in the custody of the Tennessee Department of Correction. He further contended that his pleas were contingent upon the condition that he be allowed to serve his state sentence concurrently with the federal sentence and that the sentences be served in federal custody. Additionally, the petitioner alleged that Tenn. Code. Ann. § 40-35-115 (1997) and Tenn. R. Crim. P. 32(c)(3)(C) mandate that his sentences be served consecutively; therefore, the trial judge was without jurisdiction to impose concurrent sentences.[2] He argues that he should be allowed to withdraw his guilty pleas and proceed to trial. The post-conviction court summarily dismissed the petition without appointment of counsel or an evidentiary hearing, concluding that the petitioner "[did] not allege any claims of constitutional magnitude."

## II. Analysis

In considering whether a post-conviction petition states a colorable claim for relief, the post-conviction court is to take the facts alleged as true. See Tenn. Code Ann. § 40-35-206(f) (1997). "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28 § 2(H). The petition must disclose the factual basis for any grounds for relief, and a "bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." Tenn. Code Ann. § 40-30-206(d). In this case, the petitioner's claims are supported by specific factual allegations.

We conclude that the post-conviction court erred by its summary dismissal of the petitioner's claims. The petitioner asserts that the representations of his attorney, the district attorney general, and the trial court regarding concurrent sentencing and the place of confinement were directly related to his acceptance of the plea bargain and his guilty plea. When a plea agreement is accepted and breached, either specific performance of the agreement is directed, or the parties are restored to the status existing immediately before the plea was entered. See Harris v. State, 875 S.W.2d 662, 666 (Tenn. 1994); Metheny v. State, 589 S.W.2d 943, 945 (Tenn. Crim. App. 1979). When a guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262, 92 S. Ct. 495, 499 (1971); see also Goosby v. State, 917 S.W.2d 700, 707 (Tenn. Crim. App. 1995). In Derrick E. Means v. State, No. 02C01-9707-CR-

_____

[2] We are unable to determine from the petitioner's brief whether he is alleging mandatory consecutive sentencing on the basis of Tenn. Code Ann. § 40-35-115(a) or (b).

00248, 1998 WL 470447, at *2 (Tenn. Crim. App. at Jackson, August 13, 1998), this court acknowledged the problems that arise when a state court orders concurrent service of state and federal sentences. However, this court concluded that a petitioner who had entered a guilty plea under circumstances similar to those alleged by the petitioner herein was entitled to withdraw his guilty plea and enter into new plea negotiations or face trial. Id. at *3.

### III. Conclusion

In consideration of the foregoing, the judgment of the post-conviction court is reversed and the case is remanded for appointment of counsel and further proceedings consistent with this opinion.

_____
NORMA McGEE OGLE, JUDGE