IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 14, 2002

## DARRELL LAMAR FRITTS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 3180      Seth Norman, Judge**

─────────────

**No. M2001-03126-CCA-R3-CO - Filed February 26, 2003**

─────────────

The petitioner, Darrell Lamar Fritts, filed in the Davidson County Criminal Court a petition for habeas corpus relief, alleging that the plea bargain process employed by the State of Tennessee is unconstitutional per se, thus rendering two of his convictions, which resulted from guilty pleas, void. The trial court denied the petition and the petitioner timely appealed. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and JOE G. RILEY, JJ., joined.

Darrell Lamar Fritts, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; Victor S. (Torry) Johnson, III; and Pamela Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

The petitioner filed a petition for habeas corpus relief alleging that his 1986 convictions for burglary of an automobile and first degree burglary, which convictions resulted from guilty pleas, were void. In his petition, the petitioner asserted that the guilty plea process employed by the State of Tennessee violated his constitutional right to a fair trial. He further alleged that his guilty pleas were essentially merely confessions and were not supported by corroborative evidence. The petitioner conceded that he has already served his sentences for the burglary convictions. Nevertheless, the petitioner contended that if his burglary convictions were voided, he would be entitled to relief on the second degree murder sentence he is currently serving because the burglary convictions were the basis for enhancing his murder sentence. The trial court denied the petition, finding no merit to the petitioner's argument. The petitioner appealed this ruling.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

We note that the record does not contain copies of the judgments of convictions or the proceedings related to those convictions. Thus, this court cannot determine whether any of the petitioner's convictions are facially invalid.

Nevertheless, the petitioner's argument has no merit. It is well-established that "[t]he right to plead not guilty has inherently and constitutionally within it the right to plead guilty. Access to either plea must be equally available in a criminal case to a defendant who should be guided in his choice by the best counsel, including his own, obtainable to him." Lawrence v. State, 455 S.W.2d 650, 651 (Tenn. Crim. App. 1970); see also Goosby v. State, 917 S.W.2d 700, 705 (Tenn. Crim. App. 1995). By pleading guilty, an accused waives several constitutional rights, such as the right against self-incrimination, the right to trial by jury, and the right of confrontation. See Blankenship v. State, 858 S.W.2d 897, 903 (Tenn. 1993). Therefore, "'[a] plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment.'" Id. (quoting Boykin v. Alabama, 395 U.S. 238, 242, 89 S. Ct. 1709, 1711-12 (1969); see also State v. Lord, 894 S.W.2d 312, 316 (Tenn. Crim. App. 1994). Accordingly, the petitioner's guilty pleas "effectively waived any claim for lack of corroboration." Phillip Gene DeBord v. State, No. 03C01-9408-CR-00288, 1995 WL 48458, at *2 (Tenn. Crim. App. at Knoxville, Feb. 8, 1995). Thus, the guilty plea process is not unconstitutional, nor was the petitioner deprived of his right to a trial by jury by the trial court's acceptance of his

guilty pleas.  The petitioner has failed to set forth a basis for trial court corpus relief; accordingly, he is not entitled to relief on any of his convictions.

### III.  Conclusion
Finding no error, we affirm the judgment of the habeas corpus court.

_____
NORMA McGEE OGLE, JUDGE