# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### July 8, 2003 Session

## STATE OF TENNESSEE v. ROBERT JOSEPH KING, SR.

**Appeal from the Circuit Court for Madison County**
**No. 01-928      Roy B. Morgan, Jr., Judge**

---

**No. W2002-01968-CCA-R3-CD - Filed October 3, 2003**

---

The defendant, Robert Joseph King, Sr., pled guilty to burglary and theft of property over $1,000. The plea agreement provided for concurrent Range I sentences between two and four years. Before the defendant entered his plea, the district attorney general filed notice of the state's request for enhanced punishment due to the defendant's status as a multiple offender. The trial court ordered two Range II sentences of six years. In this appeal, the defendant argues that the imposition of Range II sentences violated the terms of the plea agreement. The judgments are affirmed.

**Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

George M. Googe, District Public Defender (on appeal), and J. Colin Morris, Jackson, Tennessee (at trial), for the appellant, Robert Joseph King, Sr.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; and Jody Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On July 20, 2001, the defendant and Larry Willis burglarized Foam Fabricators in Jackson. The defendant's truck was used to remove a pressure washer, which was subsequently sold for $200. Willis paid the defendant $40 for his participation in the burglary and theft. After Willis was identified as a suspect, he confessed to the crimes and implicated the defendant. When the grand jury indicted the defendant for theft of property and burglary, see Tenn. Code Ann. §§ 39-14-103, -402(a)(3), the state filed a notice of request for enhanced punishment, citing two of the defendant's previous felony convictions and sixteen of the defendant's previous misdemeanors, see Tenn. Code Ann. §§ 40-35-106, -202. The record establishes that the defendant entered pleas of guilt in a hearing scheduled May 14, 2002:

Trial Court:    It appears in your case, Mr. King, we're dealing with burglary, <u>two to four years in your case, two to 12 overall</u>, up to $5,000 in fines, and we're dealing with theft of property over $1,000 in value and <u>two to four years in your case and two to 12 years overall</u> and up to $5,000 in fines. Is that your understanding of the various offenses and penalties and ranges that we're dealing with?

Defendant:    Yes, sir.

\*          \*          \*

Trial Court:    And you understand if I accept your plea of guilty today, that you will have these convictions on your record. In many cases, <u>the law does provide for an increased punishment or punishment range for those that have prior convictions on their record</u>.

Defendant:    Yes, sir.

Trial Court:    Now, I understand this is a <u>blind plea, and there's not been any promises or assurances to you as far as the final disposition in the case; in other words, what the sentence and/or fines would be. Is that correct</u>?

Defendant:    Yes, sir.

Trial Court:    And so you understand, Mr. King, that once you enter this plea today, if I accept it, that you'll come back, and <u>it'll be up to me . . . what sentence is imposed. You have no agreement with anyone</u>.

Defendant:    Yes, sir.

(Emphasis added.)

After the defendant's pleas of guilty, a sentencing hearing was scheduled. The defendant initially failed to appear but when the case was rescheduled, he explained that on the earlier date he had been incarcerated in Gibson County for a separate offense. At the sentencing hearing, the trial court inquired as to the defendant's range classification:

Trial Court:    What was the sentencing range in his case? It was a <u>blind plea</u>.

Assistant District Attorney General:    Judge, he will be a Range II.

Trial Court:    <u>Can we stipulate that he is a Range II [o]ffender</u>?

-2-

Defense Counsel:      Yes, sir, Your Honor.  There's a presentence report that we'll stipulate to also.

Trial Court:     Stipulate the presentence report.  Notice of Enhancing Factors have been filed referring to his previous history.

Defense Counsel:      Your Honor, I'd like the Court to make a determination as to his range if that's okay.  My client has requested that I do that.

Trial Court:     He disputes that he's a Range II offender?

Defense Counsel:      Yes, sir.

(Emphasis added.)

By imposing two concurrent sentences of six years in Range II, the trial court determined that the defendant's prior criminal history clearly barred him from a Range I classification.  In doing so, the trial judge overruled the defendant's objection to a Range II classification.  The presentence report, which was stipulated as accurate, indicated that the defendant had thirty-five previous convictions, the majority of which were committed while the defendant was on some form of probation.  In addition, there were two pending charges, one in Madison County and one in Chester County.  During the entirety of the proceeding in the trial court, neither the state nor the defense made any reference to a binding plea agreement as to sentence.

In this appeal, the defendant concedes that the plea agreement contemplated that the trial court would determine the manner and length of each of the sentences.  He asserts, however, that he had negotiated a plea agreement for Range I sentences and the trial court erred by imposing Range II sentences without affording any opportunity to withdraw the pleas.  The defendant cites Rule 11(e)(4) of the Tennessee Rules of Criminal Procedure in support of his claim:

> Rejection of a Plea Agreement.  If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw the plea, and advise the defendant that if he or she persists in the guilty plea or plea of nolo contendere the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

Tenn. R. Crim. P. 11(e)(4).

The state insists that the trial judge merely misspoke in his reference to "two to four years in your case" and any confusion was quickly dispelled by his subsequent admonitions.  The state

maintains that the trial court had the discretion to impose a sentence within the factually applicable range.

Rule 11(e)(1) of the Tennessee Rules of Criminal Procedure contemplates three different kinds of plea agreements in which the district attorney general may

(A) move for dismissal of other charges; or
(B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or
(C) agree that a specific sentence is the appropriate disposition of the case.

Initially, the state's filing notice of a request for enhanced punishment does not preclude a defendant from subsequently negotiating a plea agreement with a lesser range. See Tenn. R. Crim. P. 11; Tenn. R. Crim. P. 11, Commission Comment. In Goosby v. State, 917 S.W.2d 700, 706 (Tenn. Crim. App. 1995), this court determined that an 11(e)(1)(B) plea allows a court to reject the terms of a plea agreement on the condition that the court advise the defendant in open court that it is not bound by the prosecution's recommendation and that should he persist in the guilty plea, the sentence imposed might be less favorable than that contemplated by the parties. Once an 11(e)(1)(B) guilty plea is accepted by the court, it may not be withdrawn. Id. On the other hand, the court's rejection of an 11(e)(1)(A) or (C) plea would allow the defendant to withdraw the guilty plea since it was conditioned upon a specific result. Id.

The trial judge's reference to a possible sentence of "two to four years in your case[ ]" was a potential source of confusion. The written plea agreement offered little in the way of clarification, showing only "2-4 years, 2-12 years overall" on each charge. Yet, the state had filed a notice of range enhancement prior to the entry of the pleas, and during the colloquy, the defendant specifically acknowledged the potential range increase and the trial court ultimately took great pains to confirm with the defendant the lack of any agreement with the state on the lengths of the sentences. Later, at the sentencing hearing, defense counsel actually stipulated the accuracy of the presentence report and conceded a Range II status. It was only after the defendant objected to his Range II status that a factual determination was made. At no point did the defendant or his counsel make reference to or insist upon any Range I agreement. The trial court made specific reference to the open nature of the pleas and the lack of any contractual constraints. Again, neither the defendant nor his counsel suggested otherwise, only arguing that the issue of range was a matter of factual dispute. The Commission Comment to Rule 11 provides instructions:

The type of plea agreements have greatly expanded in light of the new judge sentencing law. Consequently, it is important for the lawyers to have a clear understanding as to those aspects of the agreement which are plea contingent and those that are not. The defendant must also have an understanding so that the plea is knowing.

-4-

Tenn. R. Crim. P. 11, Comment to 1984 Amendment (emphasis added).

As indicated, the trial court concluded that the pleas were "blind," and "freely, voluntarily and intelligently made" upon the advice of counsel.  In our view, the record demonstrates that the defendant knowingly and voluntarily consented to an adjudication of the length of the terms within the appropriate range.  See Tenn. R. Crim. P. 11(e)(1)(B).  The full context of each of the two hearings supports the state's claim that the defendant had received no promise of a lesser range than that established by his prior criminal history.  Under those circumstances, the trial court is under no obligation to afford the defendant an opportunity to withdraw the pleas.

Accordingly, the judgments are affirmed.

_____
GARY R. WADE, PRESIDING JUDGE