# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### February 14, 2001 Session

## STATE OF TENNESSEE v. JOSEPH M. STONE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 99-D-3028    Cheryl Blackburn, Judge**

---

**No. M2000-01321-CCA-R3-CD - Filed April 12, 2001**

---

The defendant, Joseph M. Stone, was indicted on six counts of burglary, three Class D felony thefts, two Class E felony thefts, and two misdemeanor thefts. After the defendant entered pleas of guilt to six counts of burglary and one Class E felony theft, the trial court imposed Range III sentences of 10 years on each burglary and five years on the theft. Because two of the sentences for burglary were ordered to be served consecutively, the effective sentence is 20 years. In this appeal of right, the defendant argues that the trial court had no authority to impose consecutive sentencing. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed.**

GARY R. WADE, P.J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Michael J. Flanagan, Nashville, Tennessee (on appeal), and Brent Horst, Nashville, Tennessee (at trial), for the appellant, Joseph M. Stone.

Paul G. Summers, Attorney General & Reporter; Kim R. Helper, Assistant Attorney General; S. Carran Daughtrey and Bret Gunn, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

On March 9, 2000, the defendant filed a petition to enter pleas of guilt to six counts of burglary and one count of theft over $500.00 and less than $1,000.00. The possible range for the theft was listed as between one and six years and the possible range for each burglary was listed as between two and 12 years. The petition also included the following language:

Sentencing Hearing with following understanding: Defendant will be sentenced on Counts 2, 4, 6. No prior agreement as to manner or length of sentence. Is pleading as Range III.

All other charges will run concurrent with Counts 2, 4, 6.

The petition sought approval of guilty pleas to Count 1, the theft, and Counts 2, 4, 6, 8, 10, and 12, the burglaries.

At the sentencing hearing, the defendant testified that he was addicted to crack cocaine and needed money to purchase the drug. Shortly after the commission of the crimes, the defendant voluntarily entered a treatment center for his drug addiction. He acknowledged that he had used illegal drugs after completing the program but contended that he had abstained during the three months prior to his sentencing hearing.

The defendant recalled that he typically used a screwdriver in the commission of his crimes to pry open locks on storage buildings. He stated that he generally pawned the stolen property and used the money to acquire drugs. The defendant, who had not had regular employment for several years, testified that he did own his residence and hoped to obtain disability benefits due to his poor health. The defendant acknowledged having violated probation on an earlier offense. At the time of the sentencing hearing, he described himself as a self-employed painter. He conceded that he had supported his drug habit by borrowing money from his mother and sister and by deriving a "major source of income" from his criminal activities.

Prior to sentencing, an assistant district attorney announced that the agreement allowed for Counts 2, 4, and 6 to be consecutive. The trial court then observed as follows:

Well, that is not how [the other assistant district attorney] wrote the judgment forms. It looks like everything is concurrent in the judgment forms.

The assistant district attorney present at the sentencing hearing did not participate in the original plea agreement. Nevertheless, he interpreted the petition as providing that everything other than Counts 2, 4, and 6 would be concurrent but that the trial court retained full authority to order consecutive sentencing on Counts 2, 4, and 6. Appellate counsel did not represent the defendant at either the submission hearing or the sentencing hearing; however, the record of the sentencing hearing indicates that the defendant was present when his trial counsel made the following statement:

The essential agreement was most of [the counts] were going to run concurrent with . . . but some were going to run wild . . . I do remember there was an agreement. A couple of counts would run wild. I do remember that.

The state and trial counsel for the defense, at that point, then agreed that at least three of the counts could be ordered by the trial court to run either concurrently or consecutively to one another.

Upon review of the plea agreement, the trial court confirmed that it reflected the attorneys' conclusion. There was then a discussion about possible sentence ranges, on which the state and trial counsel for the defense also agreed. At the conclusion of the sentencing hearing, the trial court determined that the defendant had an extensive prior criminal history and qualified as a professional criminal. Consecutive sentences were then imposed.

Now, on appeal, the defendant contends that the consecutive sentences were illegal and that he should have been afforded the opportunity to withdraw his guilty plea. The defendant cites Rule 32(c)(1) of the Tennessee Rules of Criminal Procedure, which provides that sentences are deemed to be concurrent unless the record demonstrates otherwise, in support of his claim. The defendant does not otherwise contest the trial court's conclusion that it had a proper basis for the imposition of consecutive sentencing under Tenn. Code Ann. § 40-35-115(b)(1) and (2), i.e., that the defendant had an extensive criminal history and that he qualified as a professional criminal.

Rule 11 of the Tennessee Rules of Criminal Procedure provides guidance on plea agreements:

> (1) *In General*. The district attorney general and the attorney for the defendant . . . may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the district attorney general will do any of the following:
>
> (A) move for dismissal of other charges; or
>
> (B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or
>
> (C) agree that a specific sentence is the appropriate disposition of the case.

Tenn. R. Crim. P. 11(e). The court shall not participate in any such discussions.

In this instance, some of the charges were dismissed under Rule 11(e)(1)(A) and others were presented for approval under Rule 11(e)(1)(B). The latter rule, of course, allows an "open plea," wherein the manner and length of the sentence are to be determined by the trial court. There was no transcript of the submission hearing included in this record. The sentence ultimately imposed is in accordance with the recollections of both the state and trial counsel for the defendant. The defendant does not argue that his pleas were unknowingly or involuntarily entered. Instead, he merely asserts that the trial court had no authority under the terms reflected in the guilty plea petition to order consecutive sentences.

Once a plea agreement is accepted, the final determination on the extent of the punishment lies with the trial court. State v. Hodges, 815 S.W.2d 151, 155 (Tenn. 1991). Because a trial court is afforded discretion in the acceptance or rejection of a plea, the judgment cannot be set aside unless there has been a plain abuse of authority. State v. Williams, 851 S.W.2d 828, 830 (Tenn. Crim. App. 1992). A trial court may be found to have abused its authority where there is no substantial evidence to support the trial court's conclusion. Id. at 830-31. It is only when the trial court rejects the terms of a proposed plea agreement pursuant to Tennessee Rule of Criminal Procedure 11(e)(1)(A) or (C) that the defendant may withdraw the guilty plea; that is permissible because the plea is conditioned upon a specific result. Goosby v. State, 917 S.W.2d 700, 706 (Tenn. Crim. App. 1995). Once a Rule 11(e)(1)(b) guilty plea is accepted by the trial court, the defendant may not withdraw the plea. Id.

Prior to the enactment of the Criminal Sentencing Reform Act of 1989, the limited classifications for the imposition of consecutive sentences were set out in Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976). In that case our supreme court ruled that aggravating circumstances must be present before placement in any one of the classifications. Later, in State v. Taylor, 739 S.W.2d 227 (Tenn. 1987), the court established an additional category for those defendants convicted of two or more statutory offenses involving sexual abuse of minors. There were, however, additional words of caution:

> [C]onsecutive sentences should not routinely be imposed . . . and . . . the aggregate maximum of consecutive terms must be reasonably related to the severity of the offenses involved.

Taylor, 739 S.W.2d at 230. The Sentencing Commission Comments adopted the cautionary language. Tenn. Code Ann. § 40-35-115, Sentencing Commission Comments. The 1989 Act is, in essence, the codification of the holdings in Gray and Taylor; consecutive sentences may be imposed in the discretion of the trial court only upon a determination that one or more of the following criteria[1] exist:

> (1) The defendant is a professional criminal who has knowingly devoted [himself] to criminal acts as a major source of livelihood;
>
> (2) The defendant is an offender whose record of criminal activity is extensive;
>
> (3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

---

[1]The first four criteria are found in Gray. A fifth category in Gray, based on a specific number of prior felony convictions, may enhance the sentence range but is no longer a listed criterion. See Tenn. Code Ann. § 40-35-115, Sentencing Commission Comments.

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b).

The length of a sentence, when consecutive in nature, must be "justly deserved in relation to the seriousness of the offense," Tenn. Code Ann. § 40-35-102(1), and "no greater than that deserved" under the circumstances, Tenn. Code Ann. § 40-35-103(2); State v. Lane, 3 S.W.3d 456, 460 (Tenn. 1999).

In our view, the record demonstrates that the petition to plead guilty was made with the understanding that at least three of the counts could be ordered to be served consecutively. Merely because the defendant was dissatisfied with the result does not mean that he may withdraw the guilty plea. Because the sentence imposed is well within the statutory limitations, it is not subject to attack as illegal. See State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978).

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE