IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 1, 2005

**STATE OF TENNESSEE v. MICHAEL LEE HOGAN**

**Direct Appeal from the Circuit Court for Dickson County**
**No. CR5649    George C. Sexton, Judge**

—————————

**No. M2003-02830-CCA-R3-CD - Filed May 3, 2005**

—————————

The Defendant, Michael Lee Hogan, pled guilty to one count of selling less than .5 grams of a schedule II controlled substance, cocaine.  In accordance with the plea agreement, the trial court sentenced the Defendant to twelve years in prison, as a Range II offender at thirty-five percent.  The Defendant filed a motion to withdraw his guilty plea, which the trial court denied.  The Defendant now appeals, contending that: (1) the trial court erred when it denied his motion to withdraw his guilty plea because his guilty plea was not knowingly and voluntarily entered; and (2) his sentence is illegal.  Because the trial court erroneously determined that it lacked jurisdiction to hear the Defendant's motion to withdraw his guilty plea and, therefore, summarily denied the motion, we reverse and remand to the trial court for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Michael Lee Hogan, Wartburg, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Suzanne Lockert, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I.  Facts**

On May 21, 2003, the Defendant pled guilty to one count of the sale of less than .5 grams of cocaine, a schedule II controlled substance.[1]  At the guilty plea submission hearing, the State

—————————

[1]The Defendant pled guilty to count two of the presentment, and count one was nolle prosequi.

explained that, according to the plea agreement, the Defendant would plead guilty in exchange for a twelve-year sentence, as a range II multiple offender, at thirty-five percent, and the Defendant would receive a $2000.00 fine. The State noted that the Defendant's sentence would run concurrently with three other sentences that the Defendant had to serve but consecutively to a six year parole violation sentence that the Defendant was serving at that time. Further, the State informed the court that the Defendant's twelve-year sentence was outside the statutory range for a Range II offender convicted of a class C felony.

On June 9, 2003, the Defendant filed a pro se motion to withdraw his guilty plea,[2] which the trial court denied for lack of jurisdiction. There was no evidence presented at the hearing, which consisted of only the following exchange:

| | |
|---|---|
| The Court: | CR-5649, State of Tennessee versus [the Defendant]. |
| The Clerk: | Is [Counsel] here? It's a motion to withdraw the plea, and a motion to withdraw as counsel. |
| Counsel: | That has already been heard, Your Honor. That was heard last term, motion to withdraw. |
| The Clerk: | That's what I thought. |
| [The State]: | You respectfully declined and we pled him out. |
| The Clerk: | I see what it is. Did we transport [the Defendant]? |
| [The State]: | I thought you all withdrew that. |
| [Counsel]: | Motion to Withdraw his plea agreement? I never was involved in the motion to withdraw his plea agreement. I filed a motion to withdraw as counsel. I had a motion to separate offenses, but we pled him out the next week. I don't have any knowledge of a motion to withdraw the plea. |
| The Court: | Denied. I don't think I have jurisdiction. He's been in the penitentiary. |

The Petitioner filed a timely notice of appeal, pro se, and this Court granted the Petitioner the right to proceed in his appeal pro se and released Counsel from further representation of the Petitioner.

## II. Analysis

On appeal, the Defendant contends that: (1) the trial court erred in denying his motion to withdraw his guilty plea; and (2) his sentences are illegal.

---

[2]At the hearing on the Defendant's motion to withdraw his guilty plea, the Defendant was not present, and there was some confusion regarding the Defendant's motion. It seems that Counsel filed a second motion to withdraw, and, on the same day, the Defendant filed a pro se motion to withdraw his guilty plea.

## A. Guilty Plea

The Defendant contends that his guilty plea was not knowingly and voluntarily entered. Specifically, the Defendant argues that his Counsel refused to proceed to trial in his case, despite his insistence, and the trial court denied Counsel's motion to withdraw, which forced the Defendant to enter an involuntary guilty plea.[3]

The withdrawal of a plea of guilty is governed by Rule 32(f) of the Tennessee Rules of Criminal Procedure. This rule states:

> A motion to withdraw a plea of guilty may be made upon a showing by the defendant of any fair and just reason only before sentence is imposed; but to correct manifest injustice, the court after sentence, but before the judgment becomes final, may set aside the judgment of conviction and permit the defendant to withdraw his plea.

In this case, the Defendant moved to withdraw his guilty plea after he was sentenced, but before the judgment became final. Therefore, to prevail on his motion, he must show that the guilty plea must be set aside to correct a "manifest injustice." While the term "manifest injustice" has not been defined by statutory or case law, a court may permit the withdrawal of a plea to prevent manifest injustice when the defendant establishes that the plea was not knowingly, understandingly, or voluntarily entered. See State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995). A Court should not allow the withdrawal of a guilty plea, however, when the claim of manifest injustice is predicated on "(a) an accused's 'change of heart', (b) the entry of the plea to avoid harsher punishment, or (c) an accused's dissatisfaction with the harsh punishment imposed by the trial court or a jury." Id. The defendant bears the burden of establishing that the plea should be withdrawn. Id. at 353. The determination of whether a plea was entered voluntarily and knowingly is made based on the totality of the circumstances. Id. at 353.

"Whether an accused should be permitted to withdraw a plea of guilty is a question that is addressed to the sound discretion of the trial court." Id. Abuse of discretion in this context means there must be no substantial evidence to support the conclusion of the trial court. See Goosby v. State, 917 S.W.2d 700, 705 (Tenn. Crim. App. 1995) (citing State v. Williams, 851 S.W.2d 828, 830-31 (Tenn. Crim. App. 1992)). Generally, a trial court's judgment becomes final thirty days after entry of the judgment, unless a specified post-trial motion or a timely notice of appeal is filed. State v. Peele, 58 S.W.3d 701, 704 (Tenn. 2001) (citing State v. Pendergrass, 937 S.W.2d 834,837 (Tenn. 1996)). "After a trial court loses jurisdiction, generally it retains no power to amend a judgment . . . . Judgments made outside the court's jurisdiction are void." Id.

---

[3]The State argues that the Defendant is not entitled to relief because the record of the guilty plea submission hearing was not included in the record on appeal to this Court. However, we concluded that the Defendant designated this portion of the record to be included in the record on appeal, and the exclusion of the necessary transcripts was an oversight by the clerk of the circuit court. Accordingly, we entered an order, on March 15, 2005, and obtained the full and complete record in this case.

In the case under submission, the trial court determined that it did not have jurisdiction over the Defendant's motion. The Defendant entered a guilty plea on May 21, 2003, and the trial court entered its judgment and sentenced him on the same day. The Defendant filed his motion to withdraw his guilty plea on June 9, 2003, nineteen days after the entry of the trial court's judgment. Because the Defendant filed his motion within thirty days, the trial court retained jurisdiction over the Defendant's motion. See Id. Thus, the trial court erred when it denied the Defendant's motion based on a lack of jurisdiction. Accordingly, we reverse the judgment of the trial court and remand the case to the trial court for a determination of whether the Defendant can show that his guilty plea must be withdrawn to correct a "manifest injustice."

## B. Illegal Sentence

The Defendant argues that his sentence in this case is illegal, and, therefore, the trial court was without authority to accept his guilty plea. The State counters that the type of "hybrid sentence" involved in this case is not illegal. As stated above, we are remanding this case to the trial court for further proceedings on the Defendant's motion to withdraw his guilty plea. If the Defendant prevails on that motion, the Defendant's sentence would be vacated and the Defendant's second issue in this appeal would become moot. Therefore, we will refrain at this time from addressing the Defendant's arguments regarding the legality of his sentence.

## III. Conclusion

In accordance with the foregoing reasoning and authorities, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

_____
ROBERT W. WEDEMEYER, JUDGE