**STATE of Tennessee, Appellee,**

v.

**Clarence Lee WILLIAMS, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

June 25, 1992.

Permission to Appeal Denied by Supreme Court Oct. 26, 1992.

Stephen M. Wallace, Office of the Public Defender, Blountville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Ellen H. Pollack, Sp. Asst. Atty. Gen., Nashville, Edward Wilson and Rebecca Davenport, Asst. Dist. Attys., Blountville, for State of Tennessee.

### OPINION

WADE, Judge.

The defendant, Clarence Lee Williams, appeals from his conviction for aggravated sexual battery. The trial court imposed a nine-year sentence.

The following issues have been presented for review:

(1) whether the trial court properly rejected an offered plea of guilt to a lesser offense; and

(2) whether the trial court erroneously permitted evidence of a prior bad act.

We affirm the judgment of the trial court.

In December of 1989, the defendant resided in Sullivan County with Ruth Gilman, and her three children, an eight-year-old girl (the victim), a six-year-old girl, and a nine-month-old son. At about 5:30 A.M., on December 7, Ms. Gilman told the defendant of her plans to take her son to child care on the way to work. Before she left, she asked the defendant to wake her daughters in time to catch the school bus.

The victim testified that the defendant was naked when he entered her room. He woke her, directed her to his own room, and ordered her to remove her clothing. When she would not, he took off her pajamas and panties, rubbed her breasts and vaginal area, then made contact with her vagina with his penis. The victim resisted and cried out. The victim's sister awoke, looked into the bedroom, and was ordered by the defendant to return to her room. The victim struggled free and the defendant left the residence.

After school that day, the victim told her mother of the incident. Ms. Gilman then contacted DHS and arranged for an examination at the hospital. A physician found redness and chafing near the opening of the vagina. A DHS representative filed a report based upon the victim's statement.

The defendant testified that he had done nothing to the victim. He stated that he awoke the girls for school, went to work, and upon his return to the residence, found that his clothing had been moved to his brother's residence.

Just prior to the commencement of the trial, a plea agreement was offered because of the reluctance on the part of the victim and her sister to testify. An attempt to commit an aggravated sexual battery with a five-year sentence was pro-

posed by the state. The trial court heard the facts to be placed into evidence and addressed the defendant who agreed to the bargain. When, however, the defendant denied any involvement in the offense and said he was entering the plea only because of his lawyer's advice, the trial court rejected the plea.

## I

The defendant initially argues that the trial judge erroneously rejected the plea bargain. He asserts that he was entitled to enter the plea, despite his protestation of innocence, because the plea was voluntary, he had competent counsel, and there was a factual basis for the plea.

The *"Alford* plea" has been recognized in this state. *See* e.g., *Dortch v. State,* 705 S.W.2d 687, 689 (Tenn.Crim.App.1985). In *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), it was held as follows:

> [W]hile most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.

*Id.* at 37, 91 S.Ct. at 167.

In *Alford,* the court allowed the defendant to enter a plea of guilt, despite his protests of innocence, because the defendant made a considered choice between a trial for first degree murder with a possibility of the death penalty, on one hand, and acceptance of a plea to second degree murder with a sentence of 30 years imprisonment, on the other. The trial court was found not to have committed error by accepting the plea; "[a]n individual ... may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his ... crime ... [or protests his] innocence." *Id.*

Tenn.R.Crim.P. 11 and its federal counterpart are substantially the same. Our rule sets out the procedure by which a defendant may enter his plea. The Advisory Commission Comments provide that it is common in the state courts to permit a reduction in a charge or a lesser sentence in exchange for the guilty plea.

Our Rule 11 provides not only for acceptance of any proposed plea agreement but also for rejection:

> If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea ... the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

Rule 11(e)(4).

The defendant does not assert that the trial court failed to comply with the provisions of Rule 11. Instead, he contends that the trial court, despite the discretion afforded, may not reject an otherwise voluntary and intelligent plea simply because the defendant does not admit guilt.

■■■ Initially, we observe that there is no absolute right to plead guilty. Strict standards apply before a plea may be accepted in the courts of this state. *State v. Mackey,* 553 S.W.2d 337 (Tenn.1977). Even if the offered plea meets the constitutional test, the trial court is not bound to accept it. *Alford,* 400 U.S. at 38, n. 11, 91 S.Ct. at 168, n. 11. *See Farmer v. State,* 570 S.W.2d 359 (Tenn.Crim.App.1978).

■ Because the trial court is afforded discretion in the acceptance of pleas, the judgment cannot be set aside on appeal unless it is established that there has been a plain abuse of authority. *See, State v. Fowler,* 213 Tenn. 239, 373 S.W.2d 460, 466 (1963) (discretion in the control of cross-examination). In order for a reviewing court to find abuse, it must appear that no substantial evidence supports the conclusion of the trial judge. *See State v. Ford,*

643 S.W.2d 913, 916 (Tenn.Crim.App.1982) (discretion in probation decision).

■ Here, the state announced its recommendation of a guilty plea for attempt to commit an aggravated sexual battery, a Class C felony; a five-year sentence was suggested. The victim's mother, after an explanation of the full range of possibilities, consented to the proposal. The state announced and the trial court acknowledged the victim's preference not to testify. The trial court then addressed the defendant individually, explained the range of penalties for a Class C felony, and recited the terms of the proposed agreement. The trial court advised the defendant of the amount of time the defendant, if denied probation, would likely serve before being eligible for any type of release. The state submitted the facts they intended to prove and defense counsel stipulated that the state would introduce that evidence. At that point, defense counsel stated as follows:

> We don't agree to all of these facts. This is ... an [*Alford*] plea, that is, Mr. Williams does not admit that he performed the act, although ... he realizes the state has that evidence ... [and] thinks it would be in his best interest to resolve this case in this way. He is aware of the implications of doing so.... [Dr. Lawson's] testimony would just about exclude penetration ... and that wasn't present.

At that point, the following exchange took place:

> THE COURT: Mr. Williams, are you saying that you are not guilty of this, but are just pleading guilty to get it over with ...?
>
> MR. WILLIAMS: Yes, sir.
>
> THE COURT: You're saying that you didn't do anything to the child at all, didn't attempt to commit a sexual battery on her.
>
> MR. WILLIAMS: Didn't ... touch her, sir.
>
> THE COURT: You're saying you didn't have your penis—Did you have her in the room?
>
> MR. WILLIAMS: No, sir.

THE COURT: You weren't even in the room with her?

MR. WILLIAMS: No, sir.

THE COURT: You are saying you didn't do anything?

MR. WILLIAMS: Right.

THE COURT: Then why are you pleading guilty?

MR. WILLIAMS: Because my lawyer told me the time that I could have gotten if I was charged guilty.

THE COURT: That's the only reason you're pleading guilty?

MR. WILLIAMS: Yes, sir.

(A brief pause)

THE COURT: I'm not going to accept this plea. I am going to try the case. Bring the jury in.

Later, the trial court articulated his reasons for denial. In addition to the nature of the circumstances and the defendant's denial of any involvement in a crime, the trial court stated that had it approved the plea, it would be an invitation for a post-conviction relief petition on the issue of voluntariness—that is, he pled guilty just because his lawyer told him to do so. Stated differently, the trial court refused to accept the plea because it did not appear to be voluntary from the "circumstances that existed at the time this plea was attempted to be entered."

■ We acknowledge that a defendant may enter a plea of guilt even though he protests his innocence. The initial issue is whether the plea is voluntary, knowingly, and understandingly made and whether there is a factual basis for the plea. Yet the inquiry does not stop there.

■ It has long been held that the trial court is not bound by plea agreement and has the discretion to approve or reject. *See Lynch v. Overholser,* 369 U.S. 705, 719, 82 S.Ct. 1063, 1072, 8 L.Ed.2d 211 (1962). The trial court must determine whether the plea agreement is helpful in the administration of justice and is in the best interest of the public. *United States v. Bean,* 564 F.2d 700, 702–704 (5th Cir.1977). A num-

ber of factors may properly come into consideration.

Our review of this record suggests that the trial court did not abuse its discretion. Implicit is the trial court's finding that the plea was not entirely voluntary. When the defendant maintains his innocence, the trial court must take special care to determine whether the guilty plea is the result of a rational calculation. So long as a reasonable basis exists for the exercise of the discretion to reject the *Alford* plea, there is no error. *Commonwealth v. Souza*, 390 Mass. 813, 461 N.E.2d 166 (1984). That the defendant chose to enter a plea of guilt in this case only because his lawyer suggested it was an inadequate explanation. The defendant was simply unable to convince the trial judge that other good reasons existed for the acceptance of his plea.

■ This is not, however, to say that the discretion of the trial court is absolute. While the Court in *Alford* acknowledged that the federal rules gave the authority to reject a guilty plea, the opinion also declined to "delineate the scope of that discretion." 400 U.S. at 38, 91 S.Ct. at 168. That there is discretion at all implies that there are limits to its exercise. It must not be arbitrary. For example, a strict policy against the acceptance of any plea in which the defendant refuses to acknowledge his guilt, absent any other sound basis for rejection, may cross the line of discretionary propriety. *See United States v. Gaskins*, 485 F.2d 1046, 1048 (D.C.Cir.1973). Thus, the rationale for rejection of an *Alford* plea should always be placed upon the record.

## II

■ During the cross-examination of the victim, defense counsel unintentionally elicited testimony about a prior encounter:

Q. I mean he didn't push onto a bed or anything?

A. I don't remember if he either shoved me on the bed first or took off my clothes, I ain't sure.

Q. Well, did he ask you to take off your clothes?

A. The first time he did, but not the second time.

Q. The first time. So he asked you one time?

A. Yes.

Q. What did you tell him?

A. No.

\*　\*　\*　\*　\*　\*

Q. So, he shoved you down the hall, you got to his bedroom, he asked you to take your clothes off, and you said no, and you went back to your room?

A. No, this was the second time, not the first time, the second time.

Q. We're talking about December the 7th, last year.

A. That's what I'm talking about.

Q. He asked you to take your clothes off, and you said no?

A. He didn't December the 7th, but he did sometime earlier.

Q. I'm just asking you about December the 7th, that's all I am asking you about is that one day, okay.

A. All right.

The victim went on to explain that on this occasion, the defendant did not ask her to take off her clothes. Instead, the defendant removed them as the victim struggled to keep her clothes in place.

■ On re-direct, the state questioned the victim further on the subject:

Q. Amanda, when Mr. Wallace was questioning you, you said that there was a time when the Defendant, when Lee asked you to take your clothes off? [Objection. Overruled.]

\*　\*　\*　\*　\*　\*

Q. When was that?

A. It was sometime back in November.

Q. Was it before this time?

A. Yes.

Q. Was anyone with you when that happened?

A. That morning he was supposed to wake us up too for school.

Q. Did he ask you to take your clothes off this time?

A. No.

Q. But he did the last time?

A. Yes.

Q. And is that what you have told people since this happened?

A. Yes.

Q. About the two (2) incidences.

A. Yes, I hardly ever bring up the first time, but the second time.

Q. Did he touch you or do anything to you that first time?

A. No.

After another objection, the trial court invited counsel to participate in a jury-out hearing. The defendant contends that the offer came too late, and the trial court failed to properly apply Rule 404 of the Tennessee Rules of Evidence.

■ The state responds that the defendant was initially responsible for the testimony about the earlier incident. We agree. Evidence, even if inadmissible, cannot be the basis for error if elicited by the complaining party. *Miller v. State*, 520 S.W.2d 729, 735 (Tenn.1975). *See State v. Stapleton*, 638 S.W.2d 850, 857 (Tenn.Crim.App. 1982). In our view, there was no error in permitting the initial exchange.

We do, however, find that the trial court committed error by allowing the state to question the victim on re-direct. Rule 404(b) of the Tennessee Rules of Evidence provides as follows:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with the character trait. It may, however, be admissible for other purposes. The conditions which must be satisfied before allowing such evidence are:

(1) The court upon request must hold a hearing outside the jury's presence;

(2) The court must determine that a material issue exists other than conduct conforming with a character trait and must upon request state on the record the material issue, the ruling, and the reasons for admitting the evidence; and

(3) The court must exclude the evidence if its probative value is outweighed by the danger of unfair prejudice.

The testimony at issue lacked any significant probative value as to the crime alleged, only a propensity on the part of the defendant to have committed the crime. That, of course, is not a proper reason. Tenn.R.Evid. 404(a). Our view is that the danger of unfair prejudice outweighed any probative value. In fact, the trial court failed to satisfy any of the three conditions provided by Tenn.R.Evid. 404(b).

On the other hand, the jury had already heard the victim's testimony about the prior incident during cross-examination. The testimony was first elicited by the defense; no objection was made. And, while the trial court should not have permitted the additional inquiry by the state, the victim shed no new light on the prior incident during re-direct. Finally, as to the full record, the evidence was rather insignificant, clearly collateral to the central issue. In our view, the error was harmless in the context of the entire trial. Tenn.R.App.P. 36.

Accordingly, the judgment of the trial court is affirmed.

DWYER and PEAY, JJ., concur.