# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 19, 2005

## ANTHONY NORFLEET v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-27666     J. C. McLin, Judge**

---

**No. W2004-01293-CCA-MR3-PC  - Filed May 6, 2005**

---

The petitioner, Anthony Norfleet, appeals the denial of his petition for post-conviction relief from his aggravated robbery conviction, arguing that the post-conviction court erred in finding he received effective assistance of trial counsel.  Following our review, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOSEPH M. TIPTON, J., joined.

Robert C. Brooks, Memphis, Tennessee, for the appellant, Anthony Norfleet.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Stephanie Johnson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

The petitioner was convicted by a Shelby County Criminal Court jury of aggravated robbery, a Class B felony, based on his participation in an armed robbery of a Memphis Krispy Kreme donut store in September 1998.  His conviction was affirmed by this court on direct appeal and our supreme court denied his application for permission to appeal.  See State v. Anthony Norfleet, No. W2000-02229-CCA-R3-CD, 2002 WL 1482666, at *1 (Tenn. Crim. App. Feb. 8, 2002), perm. to appeal denied (Tenn. Sept. 9, 2002).[1]  The direct appeal opinion reveals that the Krispy Kreme employee who was the victim of the robbery identified the petitioner as the armed robber who

---

[1]Our supreme court designated this court's opinion as not for citation.  We cite it for background information only.

accosted him. Id. at *2. Further, one of the petitioner's codefendants, a Krispy Kreme employee who planned the robbery with a third codefendant, testified against the petitioner at his trial. Id.

The petitioner subsequently filed a *pro se* petition for habeas corpus relief, which the post-conviction court treated as a post-conviction petition. Among other claims, the petitioner alleged ineffective assistance of counsel based on counsel's failure to call character witnesses to testify at the petitioner's trial and that the trial court erred in refusing to accept the guilty plea the petitioner sought to enter before the trial. On appeal to this court, however, the only issue the petitioner raises is whether trial counsel was ineffective for failing to cite State v. Williams, 851 S.W.2d 828 (Tenn. Crim. App. 1992), in support of counsel's argument that the trial court abused its discretion in refusing the petitioner's guilty plea. Accordingly, our summary of the evidentiary hearing testimony will include only those portions relevant to the petitioner's claim of ineffective assistance of counsel.

The petitioner testified he had been prepared to plead guilty to aggravated robbery in exchange for a sentence of twelve years at 45%. However, the trial court would not accept the plea because the petitioner refused to acknowledge that he had used a weapon in the offense. The petitioner then proceeded to trial, where he was convicted of aggravated robbery and sentenced to thirty years at 60%. The petitioner said he gave trial counsel a list of witnesses who could have testified about his character and employment history. He acknowledged, however, that counsel told him that his lengthy criminal record, which included multiple convictions for theft, burglary, and aggravated robbery, could be brought out by the State if he attempted to introduce evidence to prove his good character. The petitioner testified that trial counsel discussed the case with him and said that "as far as [he] was concerned, [trial counsel] did a good job."

Trial counsel testified he represented the petitioner at trial and assisted one of the attorneys in his office on the direct appeal, where they raised a number of issues, including whether the trial court erred in rejecting the defendant's plea. He acknowledged they failed to cite the Williams case in their appellate brief and readily conceded that the case, in which this court recognized that "a strict policy against the acceptance of any plea in which the defendant refuses to acknowledge his guilt, absent any other sound basis for rejection, may cross the line of discretionary propriety," 851 S.W.2d at 832, would have been relevant to their issue. Trial counsel said, however, that although they "missed" the Williams case, they "cited a number of other cases" that addressed the trial court's abuse of discretion in the rejection of a guilty plea.

Trial counsel testified that the defendant had appeared before the trial court on several occasions to plead guilty only to change his mind at the last minute. He said he "almost believe[d]" that the trial court "had finally gotten enough . . . of [the petitioner's] see-sawing." He further testified, however, that the trial court gave a number of reasons for its refusal to accept the plea, including the fact that it did not find the petitioner credible and that there was no factual basis to support the plea. Trial counsel additionally believed that the trial court was concerned that the petitioner was attempting to set the stage for a later argument that his plea was involuntary. He testified that the petitioner refused to acknowledge to the court that he had used a gun and at the same time expressed his dissatisfaction with counsel's representation, which caused the trial court

to feel that he was "setting [trial counsel] up for a habeas [sic] on that [trial counsel] forced him into pleading." Trial counsel stated he could not recall any character witnesses the petitioner mentioned, but he did remember the petitioner's having expressed a desire for the jury to learn that he was "a good person." He said he explained to the petitioner that there was no way he could get that information to the jury without having his extensive criminal record brought out at trial.

On April 23, 2004, the post-conviction court entered an order denying the petition for post-conviction relief. Among other things, the court found that the petitioner had not met his burden of demonstrating by clear and convincing evidence that he was denied the effective assistance of counsel.

## ANALYSIS

The post-conviction petitioner bears the burden of proving his allegations by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f) (2003). When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. See Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996). Where appellate review involves purely factual issues, the appellate court should not reweigh or reevaluate the evidence. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997). However, review of a trial court's application of the law to the facts of the case is *de novo*, with no presumption of correctness. See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel, which presents mixed questions of fact and law, is reviewed *de novo*, with a presumption of correctness given only to the post-conviction court's findings of fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001); Burns v. State, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The Strickland standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687, 104 S. Ct. at 2064.

The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing

professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S. at 688, 104 S. Ct. at 2065; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the test is satisfied by showing a reasonable probability, *i.e.*, a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

The petitioner contends on appeal that the post-conviction court erred in finding he received effective assistance of counsel. Specifically, he argues that trial counsel provided ineffective assistance by his failure to cite State v. Williams in support of his argument that the trial court abused its discretion by rejecting his guilty plea. However, our review of the appellate brief trial counsel submitted on direct appeal, which was introduced as an exhibit to the evidentiary hearing, reveals that although counsel did not discuss the case in any detail or rely on it for his argument, he did, in fact, cite Williams in his argument on the issue and that he included the case in his table of authorities. Furthermore, the argument he provided on the issue in his brief is extensive, well-written and supported by reference to numerous relevant federal and Tennessee cases.

We also note that our reading of Williams does not find it to be as supportive a case for the petitioner's position as he appears to believe it to be. In that case, this court concluded that although a "strict policy" of rejecting a guilty plea when a defendant refuses to acknowledge his guilt "may cross the line" into an abuse of discretion, there is no error in a trial court's rejection of a guilty plea "[s]o long as a reasonable basis exists" for the decision. Id. at 832. This court explained that a trial court's concern that a defendant's answers during the plea colloquy indicate a lack of voluntariness in the plea may form an adequate basis for its rejection:

> In addition to the nature of the circumstances and the defendant's denial of any involvement in a crime, the trial court stated that had it approved the plea, it would be an invitation for a post-conviction relief petition on the issue of voluntariness -- that is, he pled guilty just because his lawyer told him to do so.
>
> . . . .
>
> Our review of the record suggests that the trial court did not abuse its discretion. Implicit is the trial court's finding that the plea was not entirely voluntary. When the defendant maintains his innocence, the trial court must take special care to determine whether the guilty plea is the result of a rational calculation. So long as a reasonable basis exists for the exercise of the discretion to reject the Alford plea, there is no error.

Id. at 831-32 (citation omitted).

Given trial counsel's testimony that the trial court in the case at bar expressed concern that the petitioner was attempting to set the stage for a later post-conviction petition claiming his guilty plea was involuntary, similar to the defendant in Williams, trial counsel was no doubt prudent not

to rely too heavily on the case in his argument on the issue. We conclude, therefore, that the petitioner has not shown that trial counsel provided ineffective assistance by failing to cite or rely on the Williams case in his argument on the guilty plea issue.

## **CONCLUSION**

We conclude that the petitioner has shown neither a deficiency in counsel's representation nor prejudice to his case as a result of counsel's alleged deficiency. Accordingly, we affirm the denial of the petition for post-conviction relief.

_____
ALAN E. GLENN, JUDGE