IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 18, 2005

## ANTHONY LAMONT SINGLETON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Sullivan County**
**No. C48,622    Phyllis H. Miller, Judge**

———————————

**No. E2004-02271-CCA-R3-PC Filed August 16, 2005**

———————————

Petitioner, Anthony Lamont Singleton, appeals from the post-conviction court's denial of his petition for post-conviction relief. In his appeal, Petitioner argues that his Alford pleas in case No. S45,328 and case No. S47, 632 were involuntarily entered into, that his trial counsel provided ineffective assistance in connection with the negotiation and entry of his Alford pleas, and that the trial court improperly appointed trial counsel to represent him in case No. 47,632. After a review of the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Mark D. Harris, Kingsport, Tennessee, for the appellant, Anthony Lamont Singleton.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Kent Chitwood, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

## I. Background

On May 28, 2003, Petitioner entered an Alford plea in case No. S45,328 to simple possession of marijuana, fourth offense, a Class E felony, and possession of drug paraphernalia, a Class A misdemeanor. The facts supporting Petitioner's convictions were summarized by a panel of this Court in Petitioner's direct appeal of his sentences as follows:

> On April 11, 2001, Kingsport police officers stopped a car in which [Petitioner] was a passenger. The driver gave the officers consent to search the car, and the officers found a portion of a marijuana cigarette in the front passenger's seat. They then searched [Petitioner] and found rolling papers.

*State v. Anthony Lamont Singleton*, No. E2003-01747- CCA-R3-CD, 2004 WL 784884, at *1 (Tenn. Crim. App., at Knoxville, Apr. 13, 2004), *perm. to appeal denied* (Tenn. Sept. 7, 2004).

On May 28, 2003, Petitioner also waived his right to presentment or indictment by the grand jury in case No. S47, 632 and entered Alford pleas to the charges of aggravated assault, a Class C felony, evading arrest, a Class A misdemeanor, and resisting arrest, a Class B misdemeanor, based on the information. The facts supporting these convictions were summarized as follows:

> On January 31, 2003, Kingsport police officers responded to a report that a man was firing a gun on Dale Street. When they arrived at the scene, a witness told them that [Petitioner] had fired the gun. The officers went to [Petitioner's] apartment and found him sitting on the roof of his apartment building. [Petitioner] was screaming, was acting violent, and swung a large rock at one of the officers. When the officer sprayed [Petitioner] with Mace, [Petitioner] jumped off the roof. He ran along Dale Street until police officers captured him.

*Id.*

The trial court sentenced Petitioner as a Range I, standard offender, to two years for the simple possession conviction, and eleven months, twenty-nine days for the possession of drug paraphernalia conviction in case No. S45,328. The trial court sentenced Petitioner as a Range I, standard offender, in case No. S47,632 to three years for the aggravated assault conviction, eleven months, twenty-nine days for the evading arrest conviction, and six months for the resisting arrest conviction. The trial court ordered Petitioner's sentences in case No. S45,328 to be served consecutively to his sentences in case No. S47, 632, for an effective sentence of five years, and ordered Petitioner to serve his sentences in confinement. A panel of this Court upheld the trial court's denial of alternative sentencing. *Id*., 2004 WL 784887, at *3.

## II. Post-Conviction Hearing

At the post-conviction hearing, Petitioner testified that his trial on the drug charges in case No. 45,328 was set for Monday, May 28, 2003. Petitioner said that he first discussed his drug charges with his trial counsel on the Friday before trial, and "a couple of times" on the day of his trial during the trial court's recesses. Petitioner told his trial counsel that he would like to serve his sentence in community corrections.

Petitioner said that he did not believe that his trial counsel had been appointed to represent him in case No. 47,632 because Petitioner did not complete a new affidavit of indigency form in this case. Petitioner said, however, that he had received "papers" about the charges from the public defender's office in both cases around May 12, 2003, and was informed that the State would recommend a sentence of three years for the aggravated assault charge and one year for the simple possession charge if Petitioner entered pleas of guilt in both cases. He said that his trial counsel did not explain what a waiver of the right to presentment and indictment entailed, and Petitioner thought

that he was waiving his right to a jury trial on the aggravated assault charge. Petitioner said that he did not understand that there was a possibility that the grand jury might indict him on a lesser offense.

Petitioner said that his trial counsel did not interview any of Petitioner's witnesses and did not show him the forensic report in case No. 45,328 until the day of trial. Petitioner at first maintained that he did not see the forensic report until after the plea submission hearing. On cross-examination, however, he said that he saw the report earlier in the day before the trial court conducted the suppression hearing in case No. 45,328. Petitioner conceded that the forensic report showed that the substance found in the car was marijuana, but he pointed out that the report did not contain a weight for the substance. Petitioner interpreted this omission to mean that no marijuana was found. Petitioner told his trial counsel that he should not plead guilty if there was not any evidence that he had possessed marijuana.

Petitioner said that he was also prevented from going to trial because the clothes that the public defender's office provided him did not fit. On cross-examination, Petitioner said that he did not remember that his ex-wife had offered to bring him clothes for his trial. Petitioner admitted that his girlfriend could have brought him clothes during one of her weekly visits to the jail if he had asked her to do so. Petitioner also said that the clothes he was wearing when he was arrested were at the jail.

On cross-examination, Petitioner said that he had pled guilty to two felony drug charges in 1996. Petitioner said that he told the trial court at the plea submission hearing that he had read and understood the waiver of presentment and indictment in case No. 47,632, but he denied that he understood the implications of the waiver. Petitioner said that he was out of jail on bond, except for a brief period of incarceration, between April, 2001 and January, 2003, when he was arrested on the charges in case No. 47,632. Petitioner said that he did not attempt to visit his trial counsel during this time.

Petitioner explained the reasons why he pled guilty to the charges in case Nos. 47,632 and 45,328 as follows:

> Why? To be honest with you I was stressed, I was tired of sittin[g] here, you know, goin[g] back and forth to court, and then I had a baby that was gonna [sic] be due in September and just a whole bunch of stuff I had on my mind. I was just tired of sittin[g] here really, basically to be honest with you.

In addition, Petitioner was concerned that his ex-wife would be charged with possession of marijuana if she testified, and no one would be available to look after their daughter if both of them were incarcerated. Petitioner said that he knew he would be incarcerated anyway as a result of his probation violation. He stated, "I made the choice I felt at that time would be the best one."

Petitioner's trial counsel testified that he made sixteen court appearances in connection with case No. 45,328 over a two-year period, and he talked with Petitioner about his case on each occasion. Trial counsel said that he obtained the forensic report in case no. 45,328 from the State through a motion for discovery about a year before the plea submission hearing. Trial counsel believed he had discussed the report with Petitioner.

Trial counsel said that Petitioner was agitated on May 28, 2003, because the clothes he gave Petitioner did not fit. Petitioner also told him for the first time that he had a list of witnesses whom he wanted to testify at trial. As a result, trial counsel orally requested a continuance. The trial court did not rule on trial counsel's motion immediately, and a hearing was held on Petitioner's motion to suppress the evidence in case No. 45, 328. The trial court denied both the motion for continuance and the motion to suppress.

Trial counsel said that Petitioner thought his ex-wife, who was the driver of the car in which the marijuana was found, would not testify. His ex-wife, however, appeared at court on May 28, 2003. Trial counsel said that she planned to testify that the marijuana had not been in her car before Petitioner got in the vehicle, and that the marijuana was not hers.

Trial counsel told Petitioner that he could be sentenced as a Range II, multiple offender, because of his two prior felony convictions. The State offered to recommend that Petitioner be sentenced as a Range I, standard offender in exchange for his guilty pleas in both cases. Further, the State would recommend that the trial court order Petitioner's current sentence to run concurrently with his sentences in case Nos. 45,328 and 47, 632. Trial counsel said that Petitioner was initially dissatisfied with the State's offer, and trial counsel told Petitioner that he could proceed to trial. Petitioner then changed his mind and agreed to enter Alford pleas in both cases.

Trial counsel said that he discussed the implications of a waiver of presentment and indictment in case No. 47,632 with Petitioner, although he could not specifically remember if he told Petitioner that it was possible for the grand jury to indict him on a lesser offense. Trial counsel said he had the opportunity to cross examine the two police officers involved in the incident giving rise to the aggravated assault charge at a hearing on Petitioner's motion to reduce his bond.

At the conclusion of the evidentiary hearing, the post-conviction court found that Petitioner had failed to show by clear and convincing evidence that his Alford pleas were not voluntarily and knowingly made, and that his trial counsel's assistance was ineffective. The post-conviction court found that Petitioner was not entitled to post-conviction relief on his claim that an irregularity occurred in the appointment of counsel in case No. 47,632. Accordingly, the post-conviction court denied Petitioner's request for relief.

## III. Standard of Review

A petitioner seeking post-conviction relief must establish his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). The trial court's findings of fact in

a post-conviction hearing are afforded the weight of a jury verdict. *Black v. State*, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990), *perm. to appeal denied* (Tenn. 1990). Therefore, this Court may not re-weigh or re-evaluate these findings nor substitute its inferences for that of the trial judge unless the evidence in the record preponderates against those findings. *State v. Honeycutt*, 54 S.W.3d 762, 763 (Tenn. 2001); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). In addition, questions concerning the credibility of witnesses and the weight and value given their testimony is resolved by the post-conviction court, and not this Court. *Id.* However, the trial court's application of the law to the facts is reviewed de novo, without a presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). A claim that counsel rendered ineffective assistance is a mixed question of fact and law and therefore also subject to de novo review. *Id.*; *Burns*, 6 S.W.3d at 461.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must establish that counsel's performance fell below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In addition, he must show that counsel's ineffective performance actually adversely impacted his defense. *Strickland v. Washington*, 466 U.S. 668, 693, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984). In other words, a petitioner must show that he or she would not have pleaded guilty and would have insisted on going to trial had it not been for the deficiencies in counsel's performance. *Hill v. Lockhart,* 474 U.S. 52, 56-57, 106 S. Ct. 366, 369-70, 88 L. Ed. 2d 203 (1985).

In reviewing counsel's performance, the distortions of hindsight must be avoided, and this Court will not second-guess counsel's decisions regarding trial strategies and tactics. *Hellard v. State,* 629 S.W.2d 4, 9 (Tenn. 1982). The reviewing court, therefore, should not conclude that a particular act or omission by counsel is unreasonable merely because the strategy was unsuccessful. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. Rather, counsel's alleged errors should be judged from counsel's perspective at the point of time they were made in light of all the facts and circumstances at that time. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066.

A petitioner must satisfy both prongs of the *Strickland* test before he or she may prevail on a claim of ineffective assistance of counsel. *See Henley v. State,* 960 S.W.2d 572, 580 (Tenn. 1997). That is, a petitioner must not only show that his counsel's performance fell below acceptable standards, but that such performance was prejudicial to the petitioner. *Id.* Failure to satisfy either prong will result in the denial of relief. *Id.* Accordingly, this Court need not address one of the components if the petitioner fails to establish the other. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

## IV. Alford Pleas

Petitioner argues that his Alford pleas were not voluntarily or knowingly entered into because his trial counsel did not show him the forensic report in case No. 45,328 until after the plea submission hearing, and failed to tell him that the grand jury could indict him on a lesser offense in case No. 47,632. Petitioner also contends that he was coerced into entering an Alford plea in both cases because he did not have proper attire for trial.

Under what is commonly termed an "Alford plea," a defendant is allowed to enter a plea of guilty when he or she believes it is in their best interest to accept a plea bargain, but while still maintaining their innocence. *See North Carolina v. Alford*, 400 U.S. 25, 37-38, 91 S. Ct. 160, 167, 27 L. Ed. 2d 162 (1970). The trial court may accept an Alford plea only if it is satisfied that there is a factual basis for the plea. *See State v. William*, 851 S.W.2d 828, 830 (Tenn. Crim. App. 1992). "An individual accused of crime may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *Alford*, 400 U.S. at 37, 91 S. Ct. at 167. Whether the plea is denominated a guilty plea, a nolo contendere plea or an Alford plea, therefore, constitutional considerations mandate that the plea be voluntarily, understandingly and knowingly entered. *See Boykin v. Alabama,* 395 U.S. 238, 243, 89 S. Ct. 1709, 1713, 23 L. Ed. 2d 274, 279 (1969); *State v. Neal*, 810 S.W.2d 131, 134-35 (Tenn. 1991), *overruled on other grounds by Blankenship v. State*, 858 S.W.2d 897, 902 (Tenn. 1993). By entering a plea, the defendant waives certain constitutional rights including the privilege against self-incrimination, the right to a trial by jury, and the right to confront witnesses. *Boykin*, 395 U.S. at 243, 89 S. Ct. at 1714. The defendant's waiver of these constitutional rights may not be presumed from a silent record. *Id.*

A plea cannot be voluntary if the accused is "incompetent or otherwise not in control of his mental facilities" at the time the plea is entered. *Blankenship*, 858 S.W.2d at 904-05 (quoting *Brown v. Perini,* 718 F. 2d 784, 788 (6th Cir. 1983)). The trial court must ascertain if the defendant fully understands the significant consequences of his or her plea. *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1977). The trial court may consider a number of factors including the defendant's relative intelligence, his familiarity with criminal proceedings, whether he was represented by competent counsel and had the opportunity to confer with counsel about his options, the advice given by counsel and the trial court about the charges against him and the penalty to be imposed, and the defendant's reasons for pleading guilty. *Blankenship*, 858 S.W.2d at 904.

Our Constitution also guarantees that "no person shall be put to answer any criminal charge but by presentment, indictment or impeachment." Tenn. Const. art. I, § 14. Without either action by the grand jury or a written waiver of the constitutionally extended guarantee, there can be no valid conviction. *State v. Brackett*, 869 S.W.2d 936, 938 (Tenn. Crim. App.1993)(citing *State v. Morgan*, 598 S.W.2d 796, 797 (Tenn. Crim. App. 1979)).

Petitioner argues that the execution of a waiver of presentment and indictment does not preclude a post-conviction attack if he did not understand the meaning and ramifications of his waiver. Citing *Moten v. State*, 935 S.W.2d 416 (Tenn. Crim. App. 1995), Petitioner argues that the mere recitation of the litany of a defendant's constitutional rights or the consequences of a guilty plea during a guilty plea submission hearing is not sufficient to show that the defendant adequately comprehended what rights were being relinquished. *Id.*, at 419-20. Based on our review of the records of the guilty plea submission hearing and the post-conviction hearing, we conclude, however, that Petitioner knowingly and voluntarily entered his Alford pleas in case Nos. 45,328 and 47,632.

At the plea submission hearing, the trial court informed Petitioner twice of the implications of signing a waiver of presentment and indictment and entering a plea of guilty based on information. Petitioner stated that he had read the waiver form, discussed the waiver form with his trial counsel and understood the rights he was relinquishing by signing the waiver. As to conflicting evidence, the post-conviction court accredited the testimony of Petitioner's trial counsel. Specifically, the post-conviction court found that Petitioner was not coerced into pleading guilty because of ill-fitting clothes, and that he was aware that he could obtain clothing for his trial from a source other than the public defender's office. The post-conviction court concluded that Petitioner knowingly entered into his pleas because "the State made an acceptable offer, and the Petitioner's sentences would be concurrent with the sentences he was serving at the time."

The evidence does not preponderate against the trial court's findings that Petitioner understood the nature of the crimes, and the range of the sentences for the offenses, and that trial counsel's assistance during the negotiation and entry of the pleas was effective. Petitioner is not entitled to relief on this issue.

## V. Ineffective Assistance of Counsel

Petitioner argues that he received ineffective assistance because his trial counsel failed to advise him that it was possible that he would be indicted on a lesser offense if his aggravated assault case was heard by the grand jury. Petitioner also contends that his trial counsel inadequately investigated his cases, failed to show him the evidence in the case on his drug charges until after he entered his Alford plea, and failed to provide adequate clothing for his trial.

Trial counsel testified that he knew what evidence the State would present in case No. 47,632 because the police officers involved in the case testified at Petitioner's bond reduction hearing. He could not specifically remember whether he told Petitioner that he could possibly be indicted on a lesser offense, but he said that he discussed the range of sentences Petitioner could receive if he were convicted of aggravated assault. Trial counsel said that he was prepared to go to trial on the aggravated assault charge, but Petitioner said that he wanted to enter a plea. Based on our review of the record, the evidence does not preponderate against the trial court's finding that Petitioner failed to show his trial counsel's conduct was deficient in the negotiation and entry of an Alford plea in case No. 47632.

Although Petitioner contends that he did not see the forensic report in case No. 45,328 until after he entered his Alford plea, his testimony at the post-conviction hearing and the record of the plea submission hearing do not support this contention. Prior to the plea submission hearing, trial counsel moved for a continuance because Petitioner told him he had not seen a copy of the forensic report until that day. Trial counsel stated:

> . . . the fact that I presented him the lab report today. I thought I'd given it to him before but apparently I don't — he says he only got a copy of the lab report today. It shows only trace amount — actually it doesn't show anything. It shows that they determined the amount — the material to be marijuana but to have no weighable amount. . . .

Petitioner conceded at the post-conviction hearing that his trial counsel showed him a copy of the forensic report before he entered his plea in case No. 45,328. Moreover, Petitioner was charged with simple possession of marijuana. *See* Tenn. Code Ann. § 39-17-418(a). The elements of a simple possession offense include proof that the defendant knowingly possessed a controlled substance. *Id.* The amount of controlled substance possessed is not a statutory element of the offense. *See id.* Trial counsel informed Petitioner that it was significant that the forensic report showed that the substance found in the car on the night of the offense was a controlled substance. Petitioner has not shown that he was prejudiced by not seeing the forensic report until the day of trial.

Petitioner argues that his trial counsel's performance was deficient because he did not discover any witnesses who might have assisted Petitioner in his defense. Trial counsel testified that Petitioner did not mention that he had a potential witness until the day of trial, and that was one of the reasons he requested a continuance. Petitioner testified at the hearing on the motion to continue that he had not told his trial counsel about any potential witnesses, because "he never asked." Petitioner did not identify the potential witnesses at the continuance hearing or at the post-conviction hearing, nor does he suggest what testimony such witnesses might have provided.

 "When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). "As a general rule, this is the only way the petitioner can establish that (a) a material witness existed and the witness could have been discovered but for counsel's neglect in his investigation of the case; (b) a known witness was not interviewed; (c) the failure to discover or interview a witness inured to his prejudice; or (d) the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner." *Id.* Neither the post-conviction court nor this Court can speculate on what a witness' testimony might have been if introduced by trial counsel. Petitioner has failed to established that he was prejudiced. Petitioner is not entitled to relief on this issue.

Petitioner contends that his trial counsel's conduct was deficient because he did not provide Petitioner with appropriate attire for trial. Petitioner testified that he knew that his trial in case no. 45,328 was set for May 28, 2003, and that his girlfriend could have brought him clothes on one of her visits to the jail. Petitioner also conceded that he had clothes in the jail's property box which he had been wearing when he was arrested. Trial counsel testified that if they had proceeded to trial, he could have brought a different set of clothes from the public defender's office for Petitioner to wear. Based upon our review of the record, we conclude that Petitioner failed to show that his trial counsel's assistance was ineffective in this regard.

## VI. Appointment of Trial Counsel

Petitioner argues that the trial court failed to properly appoint trial counsel to represent him in case No. 47,632 because Petitioner did not complete an affidavit of indigency form in this case.

When a defendant informs the trial court that he or she "is financially unable to obtain the assistance of counsel, it is the duty of the court to conduct a full and complete hearing as to the financial ability of the accused to obtain the assistance of counsel, and, thereafter, make a finding as to the indigency of the accused." Tenn. Code Ann. § 40-14-202(b). In connection with this hearing, the defendant is required to complete an affidavit of indigency form. Tenn. R. Sup. Ct. 13(e).

Trial counsel testified that he represented Petitioner on a number of matters. The trial court appointed trial counsel to represent Petitioner on the new charges in case No. 47,632 "based on the affidavit of indigency filed in case No. 45,328." Petitioner does not contend that the information in the affidavit of indigency filed in case No. 45,328 is inaccurate. "The failure of any court to follow the provisions of [Rule 13 of the Rules of the Supreme Court] shall not constitute grounds for relief from a judgment of conviction or sentence." Tenn. R. Sup. Ct. 13(e). Petitioner is not entitled to relief on this issue.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the post-conviction court.

_____
THOMAS T. WOODALL, JUDGE

-9-