IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 15, 2007

## ROGER T. JOHNSON v. WAYNE BRANDON, WARDEN

**Direct Appeal from the Circuit Court for Hickman County**
**No. 06-5040C     Jeffery S. Bivins, Judge**

_____

**No. M2007-00182-CCA-R3-HC**

_____

The petitioner, Roger T. Johnson, appeals from the trial court's denial of his petition for habeas corpus relief from his convictions for first degree murder and second degree murder. Because we find that the petitioner has failed to allege a cognizable claim for habeas corpus relief, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Roger T. Johnson, Only, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Cameron L. Hyder, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

This court set out the relevant factual background in its opinion affirming the dismissal of the petitioner's first habeas corpus petition:

On December 7, 1994, Petitioner entered guilty pleas to one count of first degree murder and one count of second degree murder in exchange for a sentence of life followed by a thirty year sentence as a Range I offender. The trial court amended the judgment on December 8, 1994 to reflect a sentence of twenty-five years and

eight months on the second degree murder count to be served as a Range II offender.[1] On June 18, 2002, Petitioner filed, *pro se*, a petition for writ of habeas corpus relief, alleging that his plea bargain agreement was breached by the trial court's amendment of the judgment. Petitioner alleged that the breach of the plea bargain agreement rendered his conviction void.

By order entered July 18, 2002, the trial court denied Petitioner's application for habeas corpus relief. The trial court found that Petitioner had failed to allege grounds for relief cognizable in a state habeas corpus action. The court ruled that at most, Petitioner's claim of a breached plea agreement would render the convictions voidable, rather than void. Petitioner filed a motion to rehear in the trial court, which was denied by order dated October 17, 2002.

Roger T. Johnson v. State, No. M2002-02902-CCA-R3-CO, 2004 WL 443971, at *1 (Tenn. Crim. App. Mar. 5, 2004), perm. to appeal denied (Tenn. June 21, 2004).

Under the Tennessee Criminal Sentencing Reform Act of 1989 ("the 1989 Act"), the petitioner was classified as a Range I offender, for whom the statutorily authorized penalty for second degree murder, a Class A felony, is fifteen to twenty-five years. However, as part of the plea agreement, the petitioner agreed to plead "out of the range" and accept a thirty-year sentence on the second degree murder count. Id.

According to his present petition for habeas corpus relief, the petitioner filed a second habeas corpus petition in March 2006. The trial court dismissed this second petition, and it appears no appeal was taken from that dismissal. In July 2006, the petitioner filed his third and present petition for habeas corpus relief, alleging:

(1) "The Criminal Court of Davidson County at Nashville, exceeded their jurisdiction and authority while entering judgments of convictions against the petitioner. The sentence for second degree murder is illegal because . . . the Criminal Sentencing Reform Act did not provide for coupling different incarceration and release eligibility ranges, . . ."

(2) "The Criminal Court of Davidson County . . . yet, [once again] on December 8, 1994, exceeded their authority by amending the judgments it had previously entered. . . . The amended judgment reflects an enhanced sentence from Range I to Range II, which is not the judgment of convictions the petitioner agreed to waive his constitutional rights to."

---

[1] The record does not reflect the reason for this change. The amendment did not modify the petitioner's release eligibility in any material way. The original judgment of thirty years as a Range I offender with 30% release eligibility would have resulted in release eligibility after nine years. The amended judgment of twenty-five years, eight months as a Range II offender with 35% release eligibility results in release eligibility after 8.98 years.

(3) "[T]he petitioner['s] pleas of guilt are even more tainted [now] than ever before, and . . . a trial court has no authority to take a previously excepted [sic] plea to a specific agreement, [secretly amend it], applying whatever punishment they want to impose without filing a notice, without a sentencing hearing, without giving the defendant the opportunity or option to withdraw his pleas, and without testing for voluntariness. The petitioner['s] pleas of guilt can not [sic] be knowingly and voluntarily entered to judgments of convictions that has 'no waiver.'"

(4) "[T]he amended judgment . . . is an illegal sentence. 25.8 years is not available under the 1989 Act. T.C.A. § 40-35-211 provides for years or months, not years and months. Therefore, 25.8 years for a felony is an illegal sentence."

The State filed a motion to dismiss for failure to present a cognizable claim for habeas corpus relief, which the trial court granted. This appeal followed.

## ANALYSIS

As we have set out, in his first petition for habeas corpus relief, the petitioner alleged that the trial court's amendment of his judgment for second degree murder amounted to a breach of his plea agreement, rendering his conviction void. Roger T. Johnson, 2004 WL 443971, at *1. He now challenges the same conviction on a somewhat different basis, arguing that his plea agreement was never enforceable because it violated Tennessee Code Annotated sections 40-35-105 and 40-35-112, parts of the 1989 Act dealing with offender classification and sentencing ranges,[2] and that, as we understand, the court could not amend the first judgment without a hearing. He contends that the 1989 Act "did not provide for coupling different incarceration and release eligibility ranges." On appeal, the petitioner also claims that the trial court erred by not allowing him sufficient time to oppose the State's motion to dismiss his petition and violated his right to due process by allowing the State to file a response to his original petition after it had been amended. He further asserts, on appeal, that it was improper for the trial court to dismiss his petition without appointing counsel and conducting an evidentiary hearing. The State counters that the petitioner has not presented a cognizable claim for habeas corpus relief, so summary dismissal of the petition was appropriate.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). "A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Hoover v. State, 215 S.W.3d 776, 778 (Tenn. 2007) (citation omitted). The judgment of a court of general jurisdiction is conclusive and

_____

[2] Section 40-35-105 defines the term "standard offender" as used in the Tennessee Criminal Sentencing Reform Act of 1989, and section 40-35-112 establishes the sentencing ranges for different offenders and felony classes.

presumed to be valid, and such a judgment can only be impeached if the record affirmatively shows that the rendering court was without personal or subject matter jurisdiction. Archer v. State, 851 S.W.2d 157, 162 (Tenn. 1993). To obtain habeas corpus relief, the petitioner must show by a preponderance of the evidence that his sentence is void and not merely voidable. See Davenport, 980 S.W.2d at 409. Consequently, a petitioner cannot collaterally attack a facially valid judgment of the trial court in a petition for habeas corpus relief. Archer, 851 S.W.2d at 162.

The petitioner now contends, as we have set out, that his sentence is illegal because it is in direct contravention of Tennessee Code Annotated sections 40-35-105(a)(1) and 40-35-112(a)(1) (2006). "A sentence imposed in direct contravention of a statute is void and illegal and subject to attack in a habeas corpus proceeding." Hoover, 215 S.W.3d at 778 (citations omitted). First, the petitioner asserts that his agreement to plead "out of the range" was binding upon the trial court. He argues that he "agreed to plea [sic] guilty to Life plus 30 years at 30% Range I with other charges being dismissed which is a Tenn. R. Crim. P. 11(E)(1)(C) type of agreement . . . causing it to be binding upon the court." Simultaneously, he contends that the trial court had no jurisdiction to impose a sentence outside of the range prescribed by the 1989 Act.

The petitioner's argument in this regard is inherently contradictory and ignores decisions of the United States and Tennessee Supreme Courts. As an initial matter, plea agreements are not binding on trial courts, and we can discern no statement to the contrary in Tennessee Rule of Criminal Procedure 11. See also Santobello v. New York, 404 U.S. 257, 262 (1971); State v. Williams, 851 S.W.2d 828, 830 (Tenn. Crim. App. 1992). Moreover, the petitioner has waived this argument by failing to raise it in his amended petition. See Tenn. R. App. P. 36(a); State v. Alvarado, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996) ("Ordinarily, issues raised for the first time on appeal are waived."). Similarly, there is no merit to the petitioner's claim that the trial court lacked jurisdiction to impose the bargained-for sentence. Our supreme court held in Hoover that an offender who pleads guilty may be sentenced to a term outside the range, as long as the sentence imposed is within the overall punishment range for the particular class of offense. Hoover, 215 S.W.3d at 779. The facts of Hoover are strikingly similar to the case at bar. The defendant in Hoover pled guilty to second degree murder and accepted as part of the plea agreement a classification as a Range I, standard offender and a sentence of thirty-five years with release eligibility after 100%. Id. at 777. He subsequently attacked his conviction with a petition for habeas corpus relief, alleging that his sentence was illegal because it exceeded the twenty-five-year maximum permitted under the 1989 Act for Range I offenders convicted of Class A felonies. Id. at 777-78. The Tennessee Supreme Court held that "[a] plea-bargained sentence may legally exceed the maximum available in the offender Range so long as the sentence does not exceed the maximum punishment authorized for the plea offense." Id. at 780.

Hoover controls our analysis of this issue. The petitioner's sentence is not void because it exceeded the statutory maximum for his offender classification. His sentence was below the sixty-year maximum punishment authorized for Class A felonies, so it is not facially illegal. See Tenn. Code Ann. § 40-35-112(c) (2006). Accordingly, we conclude that the petitioner does not state a cognizable ground for habeas corpus relief on this issue.

-4-

The petitioner next argues that he is entitled to relief because the trial court allowed the State to file a response to his original habeas corpus petition after he had filed an amended petition. The petitioner alleges that such conduct violates his constitutional right to due process but cites no authority in support of this proposition; thus, he has waived this argument. See Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."). Furthermore, even if this issue were properly before this court, the petitioner makes no allegation that this due process violation renders his judgments of conviction void. Therefore, this claim is not a cognizable ground for habeas corpus relief.

The petitioner next claims that the trial court erred by not providing him with a sufficient opportunity to oppose the State's motion to dismiss his petition. The record indicates that the State filed its motion to dismiss on September 7, 2006. The trial court granted the motion on September 12, 2006. The petitioner claims that language in Tennessee Rule of Civil Procedure 12.01, "[t]he plaintiff shall serve a reply to a counterclaim in the answer within 30 days after service of the answer," guarantees him a right to submit a response to the State's motion before it is ruled upon by the court. The petitioner cites no authority in support of his construction of this rule of civil procedure, and this alleged ground for relief does not posit that the petitioner's judgments of conviction are void. It is not a cognizable claim for habeas corpus relief.

The petitioner argued in his amended petition that the trial court's amendment of the judgments directly contravened Tennessee Code Annotated section 40-35-211 (2006), dealing with the imposition of sentences. He claimed that "25.8 years [25 years, 8 months] is not available under the 1989 Act. T.C.A. § 40-35-211 provides for years or months, not years and months. Therefore, 25.8 years for a felony is an illegal sentence." Again, however, the petitioner has not supported this claim with argument in his appeal and has thus waived this issue. Even were we to reach the merits of this issue, we could not conclude that this assertion constitutes a cognizable claim for habeas corpus relief. We can discern no reason why the legislature would require that the length of a felony sentence be expressed in either months or years, but not both. The petitioner offers us no reason why the legislature would intend such an unorthodox, formalistic construction.

Finally, the petitioner argues that the trial court erred by summarily dismissing his petition without appointing counsel or holding an evidentiary hearing. Tennessee Code Annotated section 29-21-109 (2006) provides: "If, from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ [of habeas corpus] may be refused, the reasons for such refusal being briefly endorsed upon the petition, or appended thereto." Our supreme court has held that "when a habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers v. State, 212 S.W.3d 251, 260 (Tenn. 2007) (citations omitted). An indigent petitioner does not have a constitutional right to counsel in a habeas corpus proceeding unless the trial court determines that counsel is "necessary" under Tennessee Code Annotated section 40-14-204. Summers, 212 S.W.3d at 261. Appointment of counsel is not necessary merely because a petition states a cognizable claim for habeas corpus relief. Id.

The amended petition asserted that the petitioner's sentence was illegal because (1) the second degree murder sentence exceeded the maximum for a Range I offender; (2) the trial court exceeded its authority by amending the judgment from thirty years as a Range I offender to twenty-five years, eight months as a Range II offender; and (3) a sentence including a term of both years and months is impermissible under Tennessee Code Annotated section 40-35-211. None of these claims are meritorious. Therefore, summary dismissal of the petition was appropriate, as we will explain.

Previous portions of this opinion have considered and rejected the first and third of these claims. As for the second claim, a judgment becomes final thirty days after entry, after which time the trial court generally may not amend it. State v. Moore, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991); see Tenn. R. App. P. 4(a), (c) (2007). The record reflects that the trial court amended the judgment within one week of the entry of the original. Therefore, the trial court had jurisdiction to make the amendment. Further, any potential error in the amendment process did not prejudice the petitioner. As noted earlier, the amendment did not materially change the petitioner's release eligibility; any error was therefore harmless. See Tenn. R. App. P. 36(b) (2007) ("A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process."). The petitioner did not present a cognizable claim for habeas corpus relief in his petition, and the trial court was within its authority to dismiss the petition without appointing counsel or conducting a hearing.

**CONCLUSION**

After our review, we affirm the trial court's dismissal of the petition for habeas corpus relief.

_____
ALAN E. GLENN, JUDGE